**BUTCHER et ux. v. TINKLE et al.**
**No. 4254.**

Court of Civil Appeals of Texas. Beaumont.
Oct. 19, 1944.

Rehearing Denied Nov. 8, 1944.

Vernis Fulmer, of Nacogdoches, for appellants.

A. J. Thompson, of Nacogdoches, for appellees.

COE, Chief Justice.

This is a suit in trespass to try title, filed by appellees, R. L. Tinkle et al., on July 28, 1942, in the ordinary form of trespass to try title, against appellants, W. F. Butcher et al. (referred to in pleadings as Will Butcher and wife, Mrs. Will Butcher, and in other parts of the record as Willie Butcher and Mrs. Willie Butcher), seeking to recover a tract of land in Nacogdoches County, Texas, of approximately 50 acres. Appellants, defendants below, filed a plea of general denial. Judgment was for appellees for the land sued for, and appellants perfected their appeal to this court by filing the statutory affidavit of their inability to pay costs.

As reflected by the bills of exceptions allowed by the court, and his judgment and findings of fact, on the 29th day of January, 1944, this cause was set for trial on the following February 24th, on which day the plaintiffs, appellees here, announced ready for trial. The attorney for the defendants, appellants in this court, announced to the court that neither his clients nor his witnesses were in attendance upon the court and prayed for a temporary postponement of the trial until he could ascertain the reason for their absence, which request was by the court overruled. In that motion, said attorney set up, among other things, that he had notified his clients by letter several days

before the date the cause was set for trial to be present with his witnesses and ready for trial when his case was reached; that they lived out in the country on country roads, and that that section of the state had just undergone a siege of unprecedented rains for several days and nights and that he supposed that was the reason that they were not in attendance upon the court. After overruling defendants' motion for postponement, the court proceeded to hear the testimony of the plaintiffs. At the conclusion of the plaintiffs' testimony, upon the request of the attorney representing plaintiffs, as stated in his findings of fact and conclusions of law, "the court agreed to leave the case open until March 6, 1944, for the sole purpose of allowing defendants to submit any admissible testimony which they might have under the pleadings, and the court acceded to such request and left the case open for such purposes, and such purposes only." On the following day, to-wit, February 25, 1944, appellants requested the court to permit them to file a trial amendment in which they proposed to specially plead their title. This request on the part of the defendants was denied by the trial court and proper exceptions were taken to such action.

When the case was again reached on March 6th, the defendants filed an application for a continuance, which was denominated their first application, in which they set up as a reason for not being able to safely go to trial at that time, the absence of one Mrs. Bessie Bass, who they alleged would testify among other things that J. H. Tinkle told her that he, J. H. Tinkle, in referring to the land in controversy, "had nothing in it now but that he, Joe (J. H.) Tinkle, had let Willie Butcher have it and that now it belonged to Willie Butcher," and that she then went to Willie Butcher and rented the land from him for the year 1941, for the purpose of raising a crop thereon, which she did and paid the rent to Willie Butcher, to which action J. H. Tinkle made no objection, and that Willie Butcher and wife claimed said land as their own. While the motion sets out that the said witness would give testimony as to other matters, as we view it, this is the only portion of it that would have had any bearing on the question of title; that application had been made for a subpoena for Mrs. Bessie Bass on March 2, 1944. The sheriff's return shows that the subpoena was served upon the witness on

March 2, 1944. Said sheriff's return further shows that said witness was sick in bed, in the act of being confined. Also the absence of the defendant, Mrs. Willie Butcher, who they represented, if present, would testify that she is the holder of a certain warranty deed dated April 13, 1940, from N. E. Tinkle to J. H. Tinkle, showing a consideration of $10, and other good and valuable considerations, covering the exact description of the land involved in this suit, and that she had had such deed in her possession, together with other papers, all the time since J. H. Tinkle passed title to her and Willie Butcher, and that said J. H. Tinkle passed title to these defendants shortly following the date of the said deed and prior to his death, and because of the absence of other witnesses who were not named, who, as alleged in a general way, would have testified to the same state of facts. In addition to the foregoing facts, he alleged that he could have proved by each of said witnesses various other facts, altogether too lengthy to set out in this opinion, the relevancy and admissibility of which could not be determined without a statement of facts. Appellants also contended in said motion that the defendants had a constitutional and legal right to be present at all stages of the trial and that the motion was not made for delay but that justice may be done; that both of the defendants were physically unable to attend the trial on March 6th, which allegation was supported by the certificate of their family physician.

Appellants predicate their appeal on eleven separate points or assignments of error. In substance, such points are that the court erred in overruling appellants' motion for a temporary postponement of the case on February 24th when it was reached for trial; that the court erred in refusing to grant their motion for continuance filed on March 6th; that the court erred in allowing certain witnesses to give certain testimony; complaining of the date upon which the court filed its findings of fact and conclusions of law, which had been twice requested by the defendants, claiming the same to have been filed too late; complaining of the form and substance of such findings as not finding support in the evidence; the error of the trial court in refusing the defendants permission to file trial amendment on February 25th; and because of the error of the court in not requiring the court re-

porter to prepare and file a statement of facts in this case, after having been requested so to do. Tht 9th point complains of the court's ruling in refusing and not permitting defendants to offer certain instruments in evidence. They also complain of the court's action in admitting the deed of November 1941 from N. E. Tinkle to remain in the record because of the testimony of one Mrs. Buble, one of the plaintiffs, who testified that she claimed as an heir of her father, J. H. Tinkle.

It will be noted that the plaintiffs filed a petition in the usual form of trespass to try title while the defendants plead a general denial, but for some reason failed to file a "plea of not guilty."

As this record is presented to the court, it is difficult to ascertain whether the trial court committed such errors in the trial of the case as would justify us in reversing and remanding the same. There is no statement of the facts proven on the trial. The transcript contains many instruments which are not properly a part of a transcript on appeal, and, therefore, falls far short in informing this court as to just what happened in the trial of the case.

The view we take of the case renders it unnecessary for us to take up or discuss each of the points relied upon by the appellants.

■ Appellants' point, complaining of the trial court's action in refusing them permission to file a trial amendment on February 25th, before the evidence was finally completed on March 6th, presents a serious question. As we gather from the record in the case, and from the briefs of appellees, it appears that the trial court was of the opinion that no evidence was admissible on behalf of the defendants under their plea of general denial, which had for its purpose the impeachment of the plaintiffs' title. On February 24th the plaintiffs, as reflected by the findings of fact of the trial judge, offered in evidence an agreement that Mrs. Eula Burk was the common source of title to the land in question as to all parties, that by a deed dated December 13, 1938, Mrs. Eula Burk conveyed the land in controversy to N. E. Tinkle, that by deed dated November 24, 1941, N. E. Tinkle and Mrs. Annie Tinkle conveyed the land in controversy to the plaintiffs. This constituted plaintiffs' title as found by the trial judge. At the conclusion of plaintiffs' testimony on Feb-

ruary 24, 1944, the trial being before the court, the case was left open until the 6th day of March for the purpose of allowing the defendants to offer such evidence as the court thought was admissible. As before stated, on February 25th the defendants asked permission of the court to file a trial amendment in which they proposed to allege that long prior to the date of the deed from N. E. Tinkle and Mrs. Annie Tinkle to the plaintiffs, that N. E. Tinkle had executed a general warranty deed, conveying the land in controversy to J. H. Tinkle, and that the defendants had acquired the title of J. H. Tinkle. We find in the transcript such a deed which the appellants assert in their brief was offered in evidence but excluded by the court. While this is not properly part of the transcript, appellants' contention with reference thereto is nowhere challenged by appellees. Rule 66 of Texas Rules of Civil Procedure, provides in part:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits."

The source of Rule 66 is Federal Rule 15(b), 28 U.S.C.A. following section 723c, with minor changes. While the application of Rule 66 is necessarily left to the discretion of the trial judge, the Federal Courts have consistently held under such rule that such discretion is to be exercised liberally in favor of amendments in the interest of justice. See Coblentz v. Sparks et al., D.C., 35 F.Supp. 605; Overfield v. Pennroad Corporation et al., D.C., 39 F. Supp. 482.

■■ The plea of not guilty in a trespass to try title suit was first provided for by the Congress of the Republic of Texas in 1844. Gammel's Laws of Texas, Vol. 2, pp. 69, 70. In the case of Harlan's Heirs v. Haynie, 9 Tex. 459, nine years after the passage of such Act, the court held that under a general denial the defendant could attack the sufficiency of plaintiff's title, saying:

230

"The general denial put the appellee upon proof of his right to recover the land in controversy; and that proof must be sufficient for the purpose. The Supreme Court, in the case of Mason v. Russel's [Heirs], 1 Tex. [721], 726, not only determined that such was the effect of the general denial, in actions of trespass, but that, under it, proof having relation to objections dehors the grant, was admissible."

In the case of Robb v. Robb, Tex.Civ. App., 41 S.W. 92, it was held that in an action to determine title to the land where the defendant pleads the general denial, a deed conveying the land to defendant is admissible and that the court could not properly reject such deed upon the ground that the pleadings of appellant did not authorize its admission. Under these authorities the deed from N. E. Tinkle to J. H. Tinkle, of date April 13, 1940, was admissible under a plea of general denial. Regardless of whether such deed was admissible, we feel that Rule 66, Texas Rules of Civil Procedure, would have required the court, under the doubtful effect of defendants' general denial, to have permitted the defendants to specifically plead their title.

█ We next consider appellants' point that the court erred in overruling their first application for continuance, which was filed on March 6, 1944, which was by the court overruled for the reason, as stated in his findings of fact, that the same came too late. It is a difficult matter to determine just when a motion for continuance comes too late. It is easily conceivable that a party may announce ready for trial and proceed with the actual trial of the case for several days and then discover in the process of the trial that his main and all important witness has become physically disabled to testify in the case and, under such circumstances, it could not be said that the motion for continuance came too late. We are aware of the Rule that such matters are ordinarily left to the discretion of the trial court, and that his actions will only be disturbed by the appellate courts when it plainly appears that he has abused his discretion, yet we feel that since this was appellants' first motion for a continuance that it is at least doubtful whether the court was justified in not granting the same.

█ Appellants' point, to the effect that it was reversible error for the trial judge to refuse to order the court reporter to prepare and deliver to appellants a statement of facts proven on the trial of the case, presents another troublesome point. Where the losing party perfects an appeal by filing the statutory affidavit of his inability to pay costs and the same is not contested, he is entitled as a matter of right to have the court reporter deliver to him a statement of facts in narrative form. Whenever the court reporter fails or refuses to prepare and deliver such statement of facts, it then becomes the duty of the trial judge to order such court reporter to prepare and deliver such statement of facts. Rule 380, Texas Rules of Civil Procedure. It has been held that while it is error for the trial judge to refuse to order a court reporter to make a transcript of the evidence and to deliver the same to the appellants, that it is not necessarily reversible error. Scott v. Harris, Tex.Civ.App., 52 S.W.2d 286. Yet, we feel that in a case of this character where a statement of facts is so necessary to enable this court to pass upon the merits of the case, and where the financial condition of the appellants is such that they are forced to appeal upon an affidavit that they cannot give security for the costs of the appeal, we feel that they are entitled to a statement of facts without the necessity of resorting to expensive litigation to compel public officials to perform the duties required of them; and it is well settled that a court reporter is a public official.

█ We are conscious of the Rule, and it has our hearty support that in all matters within the discretion of the trial court that the appellate courts should hesitate to disturb his actions, yet we feel in this case, because of the matters herein discussed, that this case should be reversed and remanded for another trial to the end that if defendants have any legal defense they may present the same. This being the conclusion reached by this court, it becomes unnecessary to discuss the many other points raised by appellants.

Reversed and remanded.