**Tomas FIGUEROA, Appellant,**

v.

**Clarence TREECE, Appellee.**

Motion No. 19726.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 20, 1960.

McDonald, Spann & DeAnda, Corpus Christi, for appellant.

Lewright, Dyer & Redford, Corpus Christi, for appellee.

PER CURIAM.

Five times appellant has had occasion to ask for an extension of time to file a statement of facts, and each time the cause for the delay is that of the court reporter. Since the motion for new trial was overruled on July 30, 1959, the court reporter, by short letters attached to the motions, has stated that she is engaged in other court duties. Once the letter was unsigned. The exercise of our discretion has not been aided by any sworn factual statement by the court reporter. See Rules 406, 386, Texas Rules of Civil Procedure. As yet, we do not know whether this record is long or short. The fifth motion suggests that further delay is necessary by reason of numerous errors in the statement of facts.

This Court is not unconscious of the need for extensions of time when a court reporter has conflicting duties, but one of those duties is that of preparing records on appeal. The parties should not suffer by reason of the delay of the court reporter, and appellant has diligently made an effort on five occasions to get this record from the reporter and file it. A major objective of the rules of procedure is to obtain a speedy adjudication. Rule 1, T.R.C.P. This case, however, will not even be filed until about the time it ordinarily would be submitted and argued or even decided. This Court is now deciding cases in which judgments were entered during the summer of 1959. Delays

beget delays, as this fifth motion proves. The long lapse between trial and preparation of the record is probably partial explanation for the existence of "over fifty errors that need to be corrected." We grant this extension of time, but only until February 1, 1960. We suggest that the court reporter has no court duties that should now take priority over the prompt completion of this record.