**MODINE MANUFACTURING COMPANY,**
Appellant,

v.

**NORTH EAST INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

Motion No. A 2720.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 6, 1972.

F. W. Baker, San Antonio, for appellant.

Foster, Lewis, Langley, Gardner & Banack, A. W. Worthy, Jr., Bobbitt, Brite, Bobbitt & Allen, San Antonio, for appellees.

On Motion for Extension of Time for Filing Transcript and Statement of Facts.

PER CURIAM.

On November 28, 1972, appellant filed its fifth motion for an extension of time for filing the record in this appeal from an order of February 18, 1972,[1] overruling its

---

1. The statement of facts was first requested on November 12, 1971.

amended motion for a new trial. Such motion, which is agreed to by the attorneys for appellees, is supported by an affidavit of the court reporter wherein he states that he can only work on the record in his spare time, and that the amount of spare-time work has been sharply reduced by his physician's direction.

Such motion certainly sets forth good cause for granting an extension; however, the record demonstrates to the contrary. The most disturbing fact about this record is that the fifth motion is almost identical to the fourth motion, filed herein on September 29, 1972. In both motions, the court reporter states that he anticipates the statement of facts will fill ten volumes, and only four have been delivered. This statement indicates that no work on same has been concluded in the sixty days between motions. Furthermore, on June 15, 1972, said reporter certified in the presence of his trial judge that he would complete this record by July 28, 1972.

■■■■ This Court is aware of the conflicting duties of the court reporter, but it must be remembered that one of his duties is that of preparing records on appeal. Article 2324, Tex.Rev.Civ.Stat.Ann.; Figueroa v. Treece, 331 S.W.2d 250 (Tex.Civ. App.—San Antonio 1960, no writ). A major objective of the rules of procedure is to obtain a speedy adjudication. Rule 1, Texas Rules of Civil Procedure. It is a recognized fact that unnecessary delay at any level of the judicial process frustrates the administration of justice and must be eliminated. This judgment was entered on December 13, 1971, and yet, appellate review has not even begun. Such delay cannot and will not be tolerated by this Court. See Article 1824, Tex.Rev.Civ.Stat.Ann.

Accordingly, we grant appellant's motion only in part and extend the time for filing the record until January 15, 1973. We suggest that the court reporter has no court or personal duties that should now take priority over the prompt completion of this record.