STATEWIDE HOMES, INC., Appellant,

v.

James W. EDWARDS, Appellee.

No. 7890.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 16, 1976.

Rehearing Denied Jan. 6, 1977.

Michael D. Stewart, Houston, for appellant.

Robert C. Barnett, Houston, for appellee.

DIES, Chief Justice.

Plaintiff below, James W. Edwards, sued Statewide Homes, Inc., defendant below, alleging breach of warranty in the sale of a house from defendant to plaintiff. Plaintiff contended a defect in the house permitted water leakage into the house during rains. Trial was to the court without a jury, which resulted in judgment for plaintiff and from which Statewide brings this appeal. The parties will be referred to as they were below.

Defendant's first point of error contends: "The trial court abused its discretion in refusing to allow Statewide a trial amendment pleading the Statute of Limitations."

Plaintiff's pleading alleged "that in the contract of sale the Defendant warranted that such home was not defective. . .", etc.

In the trial, plaintiff introduced a written warranty, but it turned out to be from a Bema Construction, Inc., which was not shown to have any connection with defendant. Defendant contends it was then it realized plaintiff's case was not on a written warranty, and therefore the two-year and not the four-year Statute of Limitations would apply. Defendant requested leave to file a trial amendment pleading the statute, but it was not allowed by the trial court.

A similar situation was confronted by our Supreme Court in *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948). We quote at length from p. 609 of the decision:

"The language of that rule, as applied to the facts of this case, convinces us that the trial court erred in striking the trial amendment. The rule directs that the court shall 'freely' allow an amendment if to do so will subserve the 'presentation of the merits of the action' and the other party fails to satisfy the court that the amendment will prejudice him in maintaining his action or defense on the merits. Here the respondents' objections were that the petitioner had neglected for more than a year to file the amend-

ment, that it was tendered after the evidence was closed and without previous notice, and that it was without merit or support in the evidence and would prevent equity being done. It will be observed that these objections carried neither suggestion nor hint that the respondents were in any manner surprised or unprepared to meet the issues raised by the amendment; nor did they suggest that, in this trial without a jury, the amendment would otherwise prejudice them in maintaining their action on the merits. The statement that 'it was without merit' and 'would prevent equity being done' amounted to no more than an opinion or conclusion of the pleader, the soundness of which may well be open to question. Under those circumstances, we think that both the spirit and intent of Rule 66 required that the amendment be permitted. Illustrative cases supporting our holding are *Butcher et ux. v. Tinkle et al.*, Tex.Civ.App., 183 S.W.2d 227, er. ref. W.M., and *Brown et al. v. Jones et al.*, Tex.Civ.App., 134 S.W.2d 850. Rule 66, supra, with minor differences, is the same as Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A., which has been applied like we have applied Rule 66 here, in *Coblentz v. Sparks et al.*, D.C., 35 F.Supp. 605, and *Overfield v. Pennroad Corp. et al.*, D.C., 39 F.Supp. 482."

We agree with the trial judge that plaintiff's petition does not specify whether the warranty sued on was oral or written; however, the language "in the contract of sale the Defendant warranted", etc. to us more nearly connotes a written contract rather than an oral one.

Plaintiff says our case is distinguishable from *Vermillion* because there was no surprise in *Vermillion*, and he (plaintiff) was surprised when defendant offered the trial amendment pleading limitations.

Plaintiff was certainly aware that the written warranty he introduced was from "Bema Construction, Inc." and if he were unable to connect by proof that warranty with defendant Statewide (which he did not do), his (plaintiff's) cause of action would be

for breach of an oral warranty, which would involve the two-year Statute of Limitations. Plaintiff can hardly claim surprise then when defendant sought leave to plead it.

Defendant Statewide's first point is sustained, and this case is remanded for a new trial.

REVERSED and REMANDED.

STEPHENSON, J., not participating.