**Herman Devoe WRIGHT et ux., Appellants,**

v.

**Carlton E. WOLTERS et al., Appellees.**

**No. 8123.**

Court of Civil Appeals of Texas, Beaumont.

March 31, 1978.

R. L. Miller, Gonzales, for appellants.

Wayne J. Prosperi, Houston, for appellees.

PER CURIAM.

The Supreme Court recently transferred this cause to this Court from the Third Court of Civil Appeals in Austin. At the time of transfer, there was a pending motion filed by the appellants seeking an extension of time within which to file the statement of facts which had not been acted upon by the Austin Court.

An examination of the record reveals that the proponents of a will have appealed from a judgment based upon a jury verdict finding the testator did not have testamentary capacity at the time he executed the will offered for probate and record *and* that the testator executed such will while under the undue influence of the appellants.

The judgment was entered in this cause on April 9, 1977; the motion for new trial was overruled on May 27, 1977; the transcript was filed in the Austin Court of Civil Appeals on July 22, 1977; and, simultaneously, appellants sought an extension of one hundred eighty days within which to file the statement of facts. This motion was accompanied by an affidavit of M. A.

Baker, Jr., the court reporter who took two pages to list his trials and tribulations as a busy reporter, concluding:

> "I hope to *begin* on preparing the statement of facts in this matter in August, however, due to the length of the trial, three weeks, and our Court docket, I will need an extension of at least 180 days." (emphasis added)

The Austin Court extended the time until December 2, 1977, within which such statement of facts could be filed. A second motion for an extension was filed by appellants on November 18, 1977—again seeking an extension for a period of one hundred eighty days and again it was accompanied by reporter Baker's affidavit, a portion of which is copied in the margin.[1]

The Austin Court accepted the statement and extended the time for filing of the statement of facts until March 31, 1978. But, no part of the statement of facts has been tendered for filing. Instead, counsel for appellants—admitting that extensions aggregating 248 days had already been granted—now seeks another extension of six months. Again we have an affidavit from reporter Baker which shows that he has not even yet begun the preparation of the statement of facts.[2]

Our record reveals several other facts of some importance on the question: Appellants deposited $8,500 in cash with the District Clerk and the cost bill in the transcript shows that Baker's estimate for the statement of facts is that precise sum. We do not know if he has actually drawn down the money so deposited. Secondly, several of the appellees are in their advanced years—three being over seventy, with one being at least ninety years of age.

1. Baker swore on November 16, 1977, in part:
   > "I hope to *begin* on preparing the Statement of Facts in this matter as soon as possible, however, due to the length of the trial, three weeks, and our Court Docket, I will need an extension of at least 180 days.
   > "I will make every effort to complete said Statement of Facts within this extension of time for filing." (emphasis added)

2. Baker swore on March 14, 1978:
   > "I hope to *begin* on preparing the Statement of Facts in this matter as soon as possible, however, due to the length of the trial, three weeks, and our Court docket, I will need an extension of at least 180 days.
   > "I will make every effort to complete said Statement of Facts within this extension of time for filing." (emphasis added)

*Opinion*

We do not accept the excuse offered by the court reporter in this third motion—it containing the same excuses and empty promises found in the first two affidavits. We adopt this language found in *Figueroa v. Treece*, 331 S.W.2d 250, 250–51 (Tex.Civ. App.—San Antonio 1960, no writ):

> "This Court is not unconscious of the need for extensions of time when a court reporter has conflicting duties, but one of those duties is that of preparing records on appeal. . . . We suggest that the court reporter has no court duties that should now take priority over the prompt completion of this record."

*Figueroa* was followed in *Modine Manufacturing Co. v. North East Independent School District*, 489 S.W.2d 458 (Tex.Civ. App.—San Antonio 1972, no writ). See also C. Reynolds, "Appellate Record," *4 Tex. Tech.L.Rev. 1, 11 (1972)*.

The delay incident to the preparation of the statement of facts in this case is inexcusable. Nearly a year after the entry of the judgment, Baker has not even started work on the record despite his earlier sworn promises relied upon by the Austin Court. The unnecessary delay has frustrated the disposition of the cause and additional delay, while inevitable, will not be tolerated beyond the bare minimum required under the facts.

Our jurisdiction has been invoked and we have authority to take such steps as may be required to dispose of the questions presented. We have authority, under *Tex.Rev.Civ. Stat.Ann. arts. 1823 and 1824 (1964)*, to issue the writ of mandamus to compel the court reporter to complete the record. *City of Ingleside v. Johnson*, 537 S.W.2d 145, 149–50 (Tex.Civ.App.—Corpus Christi 1976, original proceeding).

Consequently, we now enter this

### ORDER

1. Appellants' motion for an extension of time within which to file the statement of facts herein is granted in part and the time is extended to and including April 30, 1978, upon the following terms and conditions:

(a) The Court Reporter, M. A. Baker, Jr., shall file an affidavit with the Clerk of this Court (and forward a copy thereof to at least one counsel of record for each of the parties) upon the second, third, and fourth Mondays in April, 1978, showing in detail the number of hours spent during the preceding week working upon the statement of facts in this cause, the number of pages typed, and his estimate of the number of pages remaining to be transcribed.

(b) Said reporter will include in said affidavit a certification of the number of hours spent in the discharge of his official duties in connection with matters not related to this cause.

2. Should said reporter fail or refuse to file the affidavit mentioned above or to comply with this order in any particular, appellants are invited to file a motion for leave to file a petition for the writ of mandamus to compel said reporter to complete said statement of facts. Failure to seek relief by way of mandamus will be considered in the disposition of further motions for extension of time within which to complete the appellate record in this cause.