**Simon T. GARZA and E. A. Gonzales, Appellants,**

v.

**Dan BERLANGA et al., Appellees.**

**No. 16189.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 15, 1978.

George H. Spencer, Paul M. Green, San Antonio, for appellants.

Clem Lyons, San Antonio, for appellees.

## OPINION

PER CURIAM.

On October 24, 1978, appellants filed a motion for extension of time within which to file the statement of facts in this court. The statement of facts was required to be filed in this court no later than October 30, 1978, and the motion for extension requested that the time be extended until April 30, 1979. The stated reason for the requested extension was the inability of the court reporter to complete the statement of facts prior to April 30, 1979.

The motion was supported by the affidavit of the court reporter which stated:

> Due to the heavy work load I have been faced with in my official duties, I will be unable to prepare the Statement of Facts in order to have the same filed by October 30, 1978, and due to such official duties and thirteen prior orders for records in other cases will be unable to complete this Statement of Facts until April 30, 1979.

Upon receipt of such motion, this court directed the attorneys for appellant to furnish this court with information showing the cases on which the court reporter was working or in which statements of fact had been requested prior to this case, including the dates on which such prior requests had been made. We now have before us the affidavit of the court reporter listing eight, not thirteen, cases in which statements of facts had been requested prior to the receipt of the request in this case.[1] Omitting the names of the parties, the list set out in this second affidavit may be summarized as follows:

| Date of Request | Estimated Page Length | Estimated Date of Completion |
| --- | --- | --- |
| 8–09–78 | 1,200 | 1–15–79 |
| 8–18–78 | 430 | 2–20–79 |
| 8–25–78 | 100 | 2–27–79 |
| 8–29–78 | 25 | 3–5–79 |
| 8–30–78 | 15 | 3–9–79 |
| 9–06–78 | 360 | 4–6–79 |
| 9–18–78 | 50 | 4–13–79 |
| 9–19–78 | 125 | 4–27–79 |

Neither the motion itself nor the court reporter's affidavit contains any indication of the estimated length of the statement of facts in this case.

Excluding Saturdays, Sundays and holidays, there are 107 days between August 9, 1978, the date on which the statement of facts estimated to contain 1,200 pages was requested, and January 15, 1979, the date on which, according to the reporter's affidavit, completion of the statement of facts is contemplated. We are, of course, aware of the fact that it is the duty of a court reporter to record testimony given during the course of judicial proceedings. We can, however, take judicial notice of the fact that in Bexar County, the county where this court sits, court reporters do not spend eight hours a day, Monday through Friday recording testimony.

According to the reporter's affidavit with reference to the 1,200-page document, we deduce that based on his time estimates, the reporter will transcribe between 11 and 12 pages a day, assuming that he will do no work on Saturdays, Sundays and holidays. A statement of facts is normally typed on letter-size paper, 8½ inches wide and 11 inches long, double spaced. The average page contains about 180 words. Assuming a minimum typing speed of 40 words per minute, it would take about 4.5 minutes to type a page. This means that between 13 and 14 pages could be produced in one hour. Of course, it is realized that production would be at a somewhat slower rate if the reporter had difficulty deciphering his notes or understanding the tape recordings.

Courts are aware of the conflicting duties of court reporters, but it has been previously held that Article 2324, Tex.Rev.Civ.Stat. Ann. (Vernon 1971) expressly includes the preparation of statements of fact as part of the reporter's official duties. *Modine Manufacturing Co. v. North East Independent School District*, 489 S.W.2d 458 (Tex.Civ. App.—San Antonio 1972, no writ); *Figueroa v. Treece*, 331 S.W.2d 250 (Tex.Civ.App. —San Antonio 1960, no writ). The statutes, such as Article 2326j–78, Tex.Rev.Civ. Stat.Ann. (Vernon Supp. 1978–1979), which relate to payment of court reporters out of county funds, clearly contemplate that such payment shall be compensation for the time spent by the reporter in recording testimony as it comes from the witness stand during the course of a judicial proceeding. The fact that court reporters are authorized to charge and keep as their personal funds additional amounts for the preparation of statements of facts recognizes that such preparation will, at least to some extent, require that the reporter labor at times when he is not actually present in the courtroom recording testimony. That is, the additional compensation can be considered as a reward for labor performed during what would otherwise be a reporter's leisure time. It is reasonable to assume that the

---

1. At the present time, this court has before it another motion for extension of time supported by the affidavit of this reporter to the effect that he cannot complete the statement of facts unless he is granted an extension of at least 365 days. The reporter's affidavit recites that he estimates that the statement of facts will consist of 300 pages. The extension of time which he asserts is necessary will result in the completion of such statement of facts no sooner than 384 days after it was requested.

legislature contemplated that the additional task, for which additional money is received, of preparing statements of facts would, at least to a reasonable extent, be performed during hours not included in the time for which the reporter is receiving compensation from the county.

 It thus appears that, in determining the time available for the preparation of a statement of facts, it is unrealistic to exclude Saturdays, Sundays, holidays and the evening hours from the computation of such time. This means that the total number of days between August 9, 1978, the date on which the 1,200-page statement of facts was requested, and January 15, 1979, the date on which the reporter in this case estimates that he will complete the statement of facts, is in excess of 150 days, and not merely 107 days. While we recognize that reporters must have time available for rest and recreation, it is still clear from the affidavit of the reporter that his estimate concerning the date of completion is based on the assumption that he will be able to complete less than 12 pages a day. Assuming, as we did before, a typing speed of 40 words a minute, which demands no unusual proficiency in the use of even a manual typewriter, the reporter's estimate contemplates that he will devote less than 45 minutes a day to typing. It can justifiably be concluded that the reporter's estimate contemplates that he will do the necessary typing during the time for which he is receiving compensation from the county and intends to devote little or no portion of the additional time available to him to the task of earning additional compensation authorized by law.

To deny appellants' request for an extension of time, we think, would unjustifiably deprive them of their right to have this court review the validity of the judgment of which they complain, although they have taken all steps required by the rules to perfect their appeal within the time prescribed. However, we will not grant the full additional time requested by the reporter.

The time for filing the statement of facts in this case is extended only to March 15, 1979. We decline to consider, at this time, the question concerning the propriety of an order by this court summarily reversing the judgment below and remanding the case for a new trial on the ground that appellant has, for all practical purposes, been deprived of the right to be furnished with a statement of facts. Appellant has not suggested that we exercise the powers vested in this court by Article 1823, Tex.Rev.Civ. Stat.Ann. (Vernon 1964). We do consider it appropriate to note that Rule 376b(c) provides that in case of illness, press of official work, or unavoidable absence or disability of the official court reporter to perform the duties imposed on him by law, the presiding judge of the court may, in his discretion, authorize a deputy reporter to act in place of and perform the duties of the official reporter. Tex.R.Civ.P. It should also be noted that, in order to aid the judge in supervising the work of the court reporter, Rule 376c(b) provides that the court reporter shall submit to the judge monthly written reports reflecting the amount and nature of the business pending in the court reporter's office. Tex.R.Civ.P.