Phil P. O'NEAL, Appellant,

v.

The COUNTY OF SAN SABA, Appellee.

No. 16211.

Court of Civil Appeals of Texas,
Austin.

Feb. 21, 1979.

James A. Childress, Senterfitt, Adams, Miller & Childress, San Saba, for appellant.

Warden Terry, County Atty., San Saba, for appellee.

SHANNON, Justice.

Appellant, Phil P. O'Neal, has filed his fourth motion with the Clerk of this Court to extend time for the filing of the statement of facts in our cause number 12,955. The transcript in that cause was filed with the Clerk on November 2, 1978.

After a three-day trial, the jury returned its verdict on September 17, 1977. On July 1, 1978, the district court signed the judgment. The district court overruled appellant's amended motion for new trial on September 8, 1978. On the same date, counsel for appellant notified Gary W. Stovall, official court reporter for the 33rd Judicial District Court of San Saba County, to prepare a statement of facts.

On February 21, 1979, the date of this order, and 166 days after the date of the request for preparation, the court reporter still has not prepared the statement of facts. In the interim, counsel for appellant requested, and this Court granted, three motions for extension of time to file the statement of facts. The motions for extension were supported by the court reporter's affidavits setting out reasons for his inability to complete the statement of facts. The affidavit attached to the fourth motion is representative of the several affidavits and is set out below:

"Before me, the undersigned authority, on this date personally appeared Gary W. Stovall, a credible person know to me to be the person whose name is subscribed below, who being by me first duly sworn, upon his oath deposed and said; I am the official Reporter in and for the 33rd Judicial District Court of Texas. I am the

Reporter who took the testimony in Cause No. 4944, styled *The County of San Saba vs. Phil P. O'Neal.*

I will be unable to complete the preparation of this Statement of Facts by February 15, 1979. My problem is occasioned by the fact that the 33rd Judicial District Court encompasses six counties. I am the only Court Reporter within this district and the current work load, length of this Statement of Facts, demands of other matters now on appeal and duties of my office have denied me time to work solely on this Statement of Facts. I am currently the only person working on this particular Statement of Facts. An additional sixty (60) days will be required in which to timely complete and file the Statement of Facts in this cause.

For such reasons I respectfully request sucn [*sic*] an extension of time in which to complete and deliver the Statement of Facts, together with exhibits, for filing with the Court of Civil Appeals. Such an extension of time is necessary and will be sufficient."

The problem represented by appellant's motion is one that has occurred with distressing frequency in appeals from the 33rd Judicial District. The Clerk's records show that five appeals from the 33rd Judicial District have been filed since June, 1978, and are presently pending in this Court. In none of these appeals has the court reporter completed the statement of facts so as to permit the filing of the complete record within 60 days after entry of judgment or order overruling the motion for new trial as contemplated by Tex.R.Civ.P. 386. To date, the statement of facts has been filed in only one of those appeals, *McGuire v. Brown,* Cause No. 12,877. In *McGuire,* this Court granted six motions for extension of time for a total of 173 days. The statement of facts, as completed, contained 150 pages. The appellants in *Montgomery Ward and Co. v. Marvin Riggs Co.,* Cause No. 12,895, have filed six motions for extension of time. This Court has granted five of those motions which served to extend the time for filing by 213 days. In *Sanderson v. Sanderson,* Cause No. 12,974, appellant filed and

this Court has granted three motions extending the time for filing by 94 days. The appellant in *Austin v. Austin,* Cause No. 12,990, has filed and this Court has granted two motions for extension for a total of 46 days. The basis for all of the motions for extensions in the appeals referred to in this paragraph was the inability of the court reporter to prepare the statements of fact. These motions were supported by affidavits from the court reporter very similar to the one quoted above.

This Court is conscious of the need for extensions of time when a court reporter has conflicting duties. Texas R.Civ.P. 21c, of course, empowers the Courts of Civil Appeals to enlarge the time for filing of the statement of facts based upon a reasonable explanation of the need therefor. This Court, by granting in this appeal the several extensions of time in which to file the statement of facts based upon the reporter's inability to prepare the statement, has recognized and allowed for the reporter's difficulty in budgeting his time, said to be occasioned by the geographic size of the judicial district in which he works. Nevertheless, there comes a time when the orderly administration of justice requires that the appellate process be not delayed further by the absence of the statement of facts. Setting for submission and oral argument of this cause has already been postponed because the court reporter has not completed the statement of facts.

■ Other than the daily reporting of a court proceeding in progress, we suggest that the reporter has no professional duty that takes precedence over the prompt completion of statements of fact. *Figueroa v. Treece,* 331 S.W.2d 250 (Tex.Civ.App.1960, no writ); *Modine Manufacturing Co. v. North East Independent School District,* 489 S.W.2d 458 (Tex.Civ.App.1972, no writ); *Wright v. Wolters,* 564 S.W.2d 190 (Tex.Civ. App.1978, no writ).

■ Appellant's fourth motion for extension of time is granted in part and the time for filing is extended to and includes March 23, 1979. Should the court reporter fail to

complete the statement of facts in time so that appellant may file it by that date, appellant is invited to file in this Court a motion for leave to file a petition for writ of mandamus to compel the court reporter to prepare the statement of facts. Appellant's failure to seek relief by way of mandamus will be considered in the disposition of further motions for extension to complete the statement of facts.