**Phil P. O'NEAL, Relator,**

v.

**Gary W. STOVALL, Respondent.**

**No. 13033.**

Court of Civil Appeals of Texas, Austin.

April 4, 1979.

James A. Childress, Senterfitt, Adams, Miller & Childress, San Saba, Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, for relator.

Jon N. Coffee, Coffee, Goldston & Bradshaw, Austin, for respondent.

SHANNON, Justice.

This is an original proceeding in mandamus filed by relator Phil P. O'Neal. Relator asks this Court to compel respondent Gary W. Stovall, official court reporter for the 33rd Judicial District Court of San Saba County, to prepare a statement of facts in our cause number 12,955, *Phil P. O'Neal v. County of San Saba.* The transcript in that cause was filed with the Clerk of this Court on November 2, 1978.

After about a three-day trial, the jury returned its verdict on September 17, 1977. On July 1, 1978, the district court signed the judgment. The district court overruled relator's amended motion for new trial on September 8, 1978. On the same date, counsel for relator notified Gary W. Stovall, official court reporter for the 33rd Judicial District Court of San Saba County, to prepare a statement of facts.

On April 4, 1979, the date of this opinion, and 208 days after the date of the request for its preparation, respondent still has not prepared the statement of facts. Counsel for respondent represented to this Court during oral argument of the petition for writ of mandamus that the respondent had completed four hundred pages of an approximate nine hundred-page statement of facts.

In his response to the petition for mandamus, respondent answered that he had resigned as official court reporter of the 33rd Judicial District Court effective March 19, 1979. In his answer respondent represented that he would complete and deliver the statement of facts "within a reasonable time," but has been unable to do so thus far. Counsel for respondent represented in oral argument that respondent will continue to report proceedings in the 33rd Judicial District Court when that court sits in Burnet County.

Respondent's excuses for failure to complete and deliver the statement of facts within the time required by Tex.R.Civ.P. 386 and the several extensions of time granted by this Court were set out in affidavits prepared by respondent to be attached to the several motions for extension of time. The affidavit attached to the fourth motion is representative of the several affidavits and is set out below:

"Before me, the undersigned authority, on this date personally appeared Gary W. Stovall, a credible person known to me to be the person whose name is subscribed below, who being by me first duly sworn, upon his oath deposed and said; I am the official Reporter in and for the 33rd Judicial District Court of Texas. I am the Reporter who took the testimony in Cause No. 4944, styled *The County of San Saba vs. Phil P. O'Neal.*

I will be unable to complete the preparation of this Statement of Facts by February 15, 1979. My problem is occasioned by the fact that the 33rd Judicial District Court encompasses six counties. I am the only Court Reporter within this district and the current work load, length of this Statement of Facts, demands of other matters now on appeal and duties of my office have denied me time to work solely on this Statement of Facts. An additional sixty (60) days will be required in which to timely complete and file the Statement of Facts in this cause.

For such reasons I respectfully request sucn [*sic*] an extension of time in which to complete and deliver the Statement of Facts, together with exhibits, for filing with the Court of Civil Appeals. Such an extension of time is necessary and will be sufficient."

The 33rd Judicial District is composed of six counties: Mason, Menard, Blanco, San Saba, Llano, and Burnet. Four of the six counties are included within the Third Supreme Judicial District. This Court judicially knows that those counties are rural in character and are sparsely populated. Because there are fewer appeals taken from

judgments entered by the 33rd District Court than practically any other district within the Third Supreme Judicial District, we think it a fair conclusion that the amount of civil litigation within the district is moderate.

This Court recognizes that parts of respondent's court days may be consumed by travel between county seats within the 33rd Judicial District. We also know that there is no time to dictate or transcribe notes during the time a trial of a cause is in progress. Nevertheless, we recognize that the services of a reporter are not requested by the parties in many hearings. We also know that many "firm" trial settings break down and that some causes are settled at the last minute. We are not persuaded by respondent's presentation that every hour of every court day is occupied by either travel or by reporting testimony. In addition, respondent has not accounted satisfactorily for his time after court hours or during the weekends. *Garza v. Berlanga*, 575 S.W.2d 639 (Tex.Civ.App.1978, no writ).

In response to questions from the bench, respondent's counsel suggested on advice of respondent that respondent will need thirty-five or forty days from date of submission, March 27, 1979, to complete the remaining five hundred pages of the statement of facts. This amount of time is said to be needed inasmuch as respondent is typing the statement of facts himself. Counsel suggested there exists a shortage of typists in and around Burnet. Respondent has not explained, however, why typing services could not be obtained in Austin or elsewhere in order to shorten the time needed to prepare the statement of facts.

■ Other than the daily reporting of a court proceeding in progress, the reporter has no professional duty that takes precedence over the prompt completion of statements of fact. *Figueroa v. Treece*, 331 S.W.2d 250 (Tex.Civ.App.1960, no writ); *Modine Manufacturing Co. v. North East Independent School District*, 489 S.W.2d 458 (Tex.Civ.App.1972, no writ); *Wright v. Wolters*, 564 S.W.2d 190 (Tex.Civ.App.1978, no writ); *O'Neal v. County of San Saba*, 577 S.W.2d 795 (Tex.Civ.App.1979).

Respondent has failed and refused to promptly complete and deliver the statement of facts in the cause in question. We are not convinced by the excuses offered for respondent's failure and refusal to perform his legal duty.

■ By authority of Tex.Rev.Civ.Stat. Ann. art. 1823 (1964) a Court of Civil Appeals may issue the writ of mandamus to enforce its jurisdiction. Without a statement of facts, this Court, of course, is unable to exercise its appellate jurisdiction to determine questions of the sufficiency of the evidence. An official court reporter is an officer of the state and should not be permitted to interfere with the jurisdiction of a Court of Civil Appeals in resolving an appeal by failing and refusing to complete and deliver the statement of facts. *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex. Civ.App.1976, no writ). Respondent by resignation as reporter of the 33rd Judicial District Court should not, and will not, be permitted to absolve himself of responsibilities undertaken as an official reporter. We are convinced that this Court is empowered by art. 1823 to issue a writ of mandamus directing respondent to complete and deliver the statement of facts in a cause which he reported while an official reporter. *Otto v. Wren*, 184 S.W. 350 (Tex.Civ. App.1916, no writ). This is especially true in light of the fact that respondent is presently acting as a deputy court reporter, Tex.Rev.Civ.Stat.Ann. art. 2323 (1971); Tex.R.Civ.P. 376b(c), or at least as a *de facto* deputy court reporter when the 33rd District Court sits in Burnet County.

The Clerk of this Court is directed to issue a writ of mandamus commanding respondent Gary W. Stovall to complete the statement of facts in cause number 4,944, styled Phil P. O'Neal v. County of San Saba, tried in the 33rd District Court of San Saba County, and deliver the same in person or by agent to the Clerk of this Court, Honorable Margie Love, on or before April 19, 1979.

Upon receipt of said statement of facts, the Clerk will mark it "received" and notify

all attorneys of record in the cause. The attorneys of record shall then have an opportunity to examine the statement of facts as to its truth and accuracy and approve the same.