Peggy LOFLIN, Relator,

v.

Donna T. WEISS, Respondent.

No. 9235.

Court of Civil Appeals of Texas, Amarillo.

Aug. 28, 1980.

West Texas Legal Services, Samuel T. Jackson, Amarillo, for relator.

James D. Durham, Jr., Amarillo, for respondent.

COUNTISS, Justice.

This original mandamus proceeding presents various questions concerning the duty of a former official court reporter to furnish a statement of facts for appellate purposes to a person unable to pay the costs of appeal. Having concluded that the reporter is required to furnish the statement of facts, we grant the writ.

The Texas Department of Human Resources instituted suit against relator Peggy Loflin (hereafter "Loflin"), seeking termination of parental rights between her and her infant daughter. In February, 1980, the case was tried over a two day period in the 251st District Court of Potter County, Texas. On March 12, 1980, the district court rendered judgment terminating the parental rights between Loflin and her daughter. The respondent Donna T. Weiss (hereafter "Weiss"), official reporter of the 251st District Court at that time, was present at the trial in her official capacity, and took notes of the proceedings. On the day judgment was rendered, Loflin gave notice of appeal and in accordance with

Rule 355, Tex.R.Civ.P.,[1] filed an affidavit reciting her inability to pay the costs of appeal or to give security therefor. Opposing counsel was duly notified of the filing of the affidavit. The affidavit was not contested by opposing counsel or any other interested party. Accordingly, on March 26, 1980, the district court entered an order pursuant to Rule 380,[2] directing the official reporter to prepare the statement of facts. Weiss refuses to prepare the statement of facts unless she is paid. Weiss resigned as official reporter of the 251st District Court on May 1, 1980.

Loflin has filed this original mandamus proceeding requesting a writ from this court directing Weiss to prepare the statement of facts. In her sworn petition, Loflin states that the statement of facts is necessary in order to present legal and factual insufficiency points to this court.

Weiss has filed a sworn response to the petition, in which she contends (1) mandamus is not available as a remedy against her at this time because she is no longer the official reporter of the 251st District Court; (2) to require her to provide a free statement of facts takes her private property for public use without just compensation in violation of the 5th Amendment of the U. S. Constitution; and (3) she was not accorded due process under the 14th Amendment to the U. S. Constitution because she did not have an opportunity to contest Loflin's affidavit of inability to pay costs.

■ This court acquired jurisdiction of the underlying suit between Loflin and the Texas Department of Human Resources when the uncontested affidavit in lieu of appeal bond was filed. Tex.R.Civ.P. 363; *Allred v. Lowry*, 597 S.W.2d 353, 354, n.2 (Tex.1980). Article 1823, Tex.Rev.Civ.Stat. Ann. (Vernon 1964), gives Courts of Civil Appeals the authority to issue writs of mandamus to enforce their jurisdiction. Specifically, mandamus is available in this court to compel a court reporter to prepare a statement of facts when it is needed to resolve questions in an appeal over which this court has jurisdiction. *Otto v. Wren*, 184 S.W. 350, 352 (Tex.Civ.App.–Galveston 1916, no writ); *O'Neal v. Stovall*, 580 S.W.2d 130, 132 (Tex.Civ.App.–Austin 1979, no writ).

■ According to the sworn petition of Loflin, the statement of facts is necessary in this case to enable this court to exercise its appellate jurisdiction in determining questions of the sufficiency of the evidence. The official court reporter, an officer of the state, cannot be permitted to interfere with the exercise of our appellate jurisdiction by refusing to prepare and deliver the statement of facts. *O'Neal v. Stovall, supra.*

■ By filing a proper affidavit under Rule 355 and securing an order from the district court under Rule 380, Loflin has taken the steps required by Texas law to

1. All references to rules hereafter are to the Texas Rules of Civil Procedure. Rule 355, as pertinent here, states:
    (a) When the appellant is unable to pay the costs of appeal or give security therefor, he shall be entitled to prosecute an appeal by filing with the clerk his affidavit stating that he is unable to pay the costs of appeal or any part thereof, or to give security therefor.
    (b) The appellant or his attorney shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney.
    (c) Any interested officer of the court or party to the suit, may, by sworn pleading, contest the affidavit within ten days after the giving of such notice whereupon the court trying the case (if in session) or (if not in session) the judge of the court or county judge of the county in which the case is

pending shall set the contest for hearing, and the clerk shall give the respective parties notice of such setting.
    (d) Upon such hearing the burden of proof shall rest upon the appellant to sustain the allegations of his affidavit.
    (e) Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true.

     \*     \*     \*     \*     \*     \*

2. Rule 380 states:
    In any case where the appellant has made the proof required to appeal his case without bond, the court or judge upon application of appellant shall order the official reporter to make a transcript in narrative form, in duplicate, and to deliver the same to said party, but such court reporter shall receive no pay for same.

receive a statement of facts for which she cannot pay. By the specific provisions of Rule 380, she is entitled to be furnished the statement of facts and Weiss is required to prepare and deliver it to her without pay.

■ The defenses raised by Weiss in her response do not alter our conclusion. She first contends that this court cannot mandamus her because she is now a private citizen and no longer an official court reporter. The fact that she is no longer the official reporter for the district court does not, however, relieve her of the continuing duty to prepare statements of facts in those cases in which she participated as the official reporter. *Otto v. Wren, supra*, at 352. As stated in *O'Neal v. Stovall, supra*, at 132:

> Respondent by resignation as a reporter of the 33rd Judicial District Court should not, and will not, be permitted to absolve himself of responsibilities undertaken as an official reporter.

To hold that a former court reporter is beyond the reach of the mandamus power would permit the reporter, at his or her whim in cases where the reporter functioned, to preclude appellate review of any question dependent on a statement of facts for proper presentation.

■ Weiss next contends that her rights under the 5th Amendment to the U. S. Constitution will be violated, because her property will be taken for public use without just compensation, if she is required to perform the work and furnish the materials necessary to prepare the statement of facts. Weiss has indicated a willingness to deliver her notes to the present official reporter and apparently recognizes that the notes are part of the official records of the district court. Her concern is with the time and expenses incident to preparation of the statement of facts. She has already been compensated, however, for the time and expense that will be required of her, through the salary she received as an official court reporter. The contentions advanced by Weiss were answered many years ago in *Rice v. Roberts*, 177 S.W. 149, 150–152 (Tex.Civ.App.–Austin 1915, writ dismissed):

Respondent ... asserts that the relief asked should not be granted [because] ... it would destroy respondent's vested right and confiscate his property and his services without due process of law, and compel him to perform a service without compensation.

\* \* \* \* \* \*

When the government creates an office, it is clearly within its power and right to prescribe how much, if any, compensation those who fill such office shall receive; and even when the compensation consists of fees only, yet the power which creates the office can require the performance of additional service without additional compensation.

\* \* \* \* \* \*

Besides, it is quite a mistake to say that the stenographer will receive no compensation for performing the services referred to. Such a contention overlooks the fact that he is paid a salary of $1,500 per annum (besides the fees he is permitted to collect from litigants) which, no doubt, was intended by the Legislature to compensate him for the performance of such services as are here involved, and for all others, if any, for which he may not receive additional compensation. But, as said before, the office held by respondent Eisenlohr was created by the Legislature, and that body had the power to prescribe the duties of that office, and any one who accepts office under the statute creating the office is bound by all of its terms, and he must bear the burdens as well as reap the benefits prescribed by that statute. When unable to pay or secure costs, litigants have long been permitted in this state to enter all the courts without paying or securing costs which accrue to clerks and other officers . . ..

■ When Weiss assumed the duties of her office as an official court reporter, she necessarily agreed to perform all of those duties in return for the compensation and fees provided by law. One of the duties she assumed under the specific language of

Rule 380, and for which she received compensation, was the providing of statements of fact without additional payment, to persons who qualify under Rule 355.

 Weiss' contention that she is being denied compensation is also premature. The responsibility for the costs on the appeal of Loflin's case, including the cost of the statement of facts, will not be finally determined until the appellate process is complete. *See, e. g.*, Tex.R.Civ.P. 448 and 501.

 Weiss' final contention is that her 14th Amendment due process rights were violated because she was not afforded an opportunity to contest the affidavit of inability to pay costs. The point is not developed by argument or citation of authority. On the record before us, however, it is undisputed that Weiss had actual notice of the intent to file, and the filing of, the affidavit. Notice was given to her by Loflin's attorney, the district judge and the judge's secretary. Under Rule 355(c), she could have appeared and contested the affidavit if she had so desired. Under these facts, Weiss was not denied due process. *See Ex Parte Herring*, 438 S.W.2d 801, 803 (Tex.1969); *Rice v. Roberts, supra.*

The clerk of this court is directed to issue a writ of mandamus commanding respondent Donna T. Weiss to prepare a complete statement of facts in narrative form, in duplicate, in cause no. 24,518–C, styled In the Interest of Rebecca Loflin, filed in the 251st District Court, Potter County, Texas, and deliver same to the clerk of this court on or before September 26, 1980. Upon receipt of the statement of facts, the clerk will mark it "received" and notify all attorneys of record in said cause. In order to allow sufficient time for examination and approval of the record, the court on its own motion extends the deadline for filing the statement of facts in this court in said cause to October 3, 1980.

Costs of this proceeding are ordered taxed against respondent Donna T. Weiss.