James G. LaCHANCE, et al., Appellants,

v.

O. B. McKOWN, Jr., et al., Appellees.

No. 13332.

Court of Civil Appeals of Texas, Austin.

July 29, 1981.

Peter M. Kreisner, Kreisner & Howard, Austin, for appellants.

Samuel D. McDaniel, William R. Travis, McDaniel & Travis, Austin, for appellees.

PER CURIAM.

Appellant, James G. LaChance, has filed his seventh motion with the Clerk of this Court to extend time for the filing of the statement of facts in our cause number 13,332. The transcript in this cause was filed with the Clerk nearly one year ago on August 12, 1980, and a supplemental transcript was filed August 22, 1980.

After a ten-day trial, the jury returned its verdict on April 17, 1980. On May 2, 1980, the district court signed the judgment. Appellant's motion for new trial was overruled on June 13, 1980. On July 2, 1980, counsel for appellant notified Debbra Wood, official Court Reporter for the 201st Judicial District Court of Travis County, to prepare a statement of facts.

On July 29, 1981, the date of this order, and 392 days after the date of the request for preparation, the court reporter still has not prepared the statement of facts. In the interim, counsel for appellant requested, and this Court granted, six motions to extend time for filing the statement of facts. The motions for extension were supported by the court reporter's affidavit setting out reasons for her inability to complete the statement of facts. Several of the motions were supported by the affidavit of the presiding judge supporting the motion for the extension of time.

This Court is conscious of the need for extensions of time when a court reporter has conflicting duties. Tex.R.Civ.P. 21c, of course, empowers the Courts of Civil Appeals to enlarge the time for filing of the statement of facts based upon a reasonable explanation of the need therefor. This Court, by granting in this appeal the numerous extensions of time in which to file the statement of facts based upon the reporter's inability to prepare the statement of facts, has recognized and allowed for the reporter's personal problems occasioned by the death of her father and for the reporter's heavy workload. Nevertheless, there comes a time when the orderly administration of justice requires that the appellate process be not delayed further by the absence of the statement of facts. Setting for submission and oral argument of this cause has already been postponed because the court reporter has failed to complete the statement of facts.

Other than the daily reporting of a court proceeding in progress, we suggest that the reporter has no professional duty that takes precedence over the prompt completion of the statement of facts. *Figueroa v. Treece*, 331 S.W.2d 250 (Tex.Civ.App. 1960, no writ); *Modine Mfg. Co. v. North East Independent School Dist.*, 489 S.W.2d 458 (Tex. Civ.App. 1972, no writ).

Appellant's seventh motion for extension of time is granted in part and the time for filing is extended to and includes August 26, 1981. Should the court reporter fail to complete the statement of facts in time so that appellant may file it by that date, this Court will consider the motion for leave to file a petition for writ of mandamus to compel the court reporter to prepare the statement of facts now pending before this Court.