Mary PEREZ, Relator,

v.

**Winifred McGAR, Retired Official Court Reporter of the 122nd Judicial District Court, Galveston County, Texas, Respondent.**

**No. B2965.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 14, 1982.

---

Thomas B. Swanson, and Archer, Peterson & Waldner, Houston, for relator.

Edward Schwab, III, Galveston, for respondent.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

## ORIGINAL PROCEEDING
## (MANDAMUS)

SAM ROBERTSON, Justice.

Relator seeks a writ of mandamus ordering respondent, formerly the official court reporter of the 212th District Court of Galveston County, to prepare and deliver a free statement of facts in the case styled *Mary Perez v. Texas Employers Insurance Association* which is before this court on appeal.

On August 26, 1981, the trial court entered judgment *non obstante veredicto* in the above case. Respondent in the matter before us was, at the time of trial, the official court reporter for the 212th District Court. Thereafter, sometime between September 18 and October 1, respondent retired. On September 21, 1981, relator timely filed an affidavit of inability to pay costs on appeal and gave notice to opposing counsel as required by Tex.R.Civ.P. 355. No contest of the affidavit was filed within ten days. On October 16, relator filed an application for a free statement of facts on appeal, pursuant to Tex.R.Civ.P. 380, and the trial court entered its order on October 26, granting the application and ordering the preparation of the free statement of facts. On or about November 5, respondent filed a motion for recission of the above order or for a hearing on relator's affidavit of inability to pay. The trial court held a hearing on the above motion November 23, but has taken no action to date.

Relator here seeks a writ of mandamus to compel preparation of the statement of facts. Respondent's reply contends that she is no longer a public officer and has no duty to prepare the statement of facts and that any writ would be "tantamount to ordering specific performance of a contract for personal services...." Additionally, respondent contends she was denied due process because she did not receive notice of the affidavit of inability to pay nor of the application for a free statement of facts and thus was "deprived of an opportunity to contest relator's entitlement to a free statement of facts."

This court has original jurisdiction to issue "writs of mandamus and all other writs necessary to enforce the jurisdiction" of the court. Tex.Rev.Civ.Stat.Ann. art. 1823 (1964). Nevertheless, mandamus is an extraordinary remedy and, thus, strict requisites must be met for its issuance. There must exist "a legal duty to perform a non discretionary act; a demand for performance and a refusal." *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979).

It is clear that a court reporter is an officer of the State and is subject to the mandamus powers of this court. *City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex. Civ.App.—Corpus Christi 1976, no writ). In *Butcher v. Tinkle*, 183 S.W.2d 227 (Tex.Civ. App.—Beaumont 1944, writ ref'd w.o.m.), the court states:

> Where the losing party perfects an appeal by filing the statutory affidavit of his inability to pay costs and the same is not contested, he is entitled *as a matter of right* to have the court reporter deliver to him a statement of facts in narrative form. Whenever the court reporter fails or refuses to prepare and deliver such statement of facts, it then becomes the duty of the trial judge to order such court reporter to prepare and deliver such statement of facts. (Italics added) Id. at 230.

This describes the matter before us exactly. Similar facts existed in *Loflin v. Weiss*, 605 S.W.2d 377. (Tex.Civ.App.—Corpus Christi 1980, no writ), and the court noted that the court reporter's resignation did not "relieve her of the continuing duty to prepare statements of facts in those cases in which she

participated as the official reporter," and for which time she has already been compensated. *Id.,* at 380; *Otto v. Wren,* 184 S.W. 350 (Tex.Civ.App.—Galveston 1916, no writ). The statute which requires a court reporter to "preserve all shorthand notes... for three full years" does not excuse this duty on a person's retirement or resignation. Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon Supp. 1980–81). Finally, public policy requires that a losing party not have his appeal precluded by a court reporter's resignation.

Respondent's claim that she was denied due process because she did not receive notice of the affidavit of inability to pay in time to contest it is premised on the erroneous notion that relator was somehow required to notify her. Tex.R.Civ.P. 355 requires a filing with the clerk and timely notice to the opposing party. Although "any interested officer of the court" may contest the affidavit, no other notice requirements are set out. As an experienced court reporter, respondent must have been aware of the procedural time limits for filing a cost bond or affidavit of inability to pay. Nevertheless, once such an affidavit was filed, it became a public record and respondent is charged with constructive notice of it. We would also distinguish between the notice of filing an affidavit of inability to pay discussed above and notice of relator's desire for a statement of facts. The latter request is not circumscribed by any time limits.

For the above reasons, respondent's remaining contentions are clearly without merit and we do not consider them here.

Respondent has refused to perform her legal duty to prepare a free statement of facts as ordered by the court. We direct the clerk of this court to issue a writ of mandamus commanding respondent Winifred McGar to prepare a complete statement of facts in narrative form, in duplicate, for Cause No. 115,171, styled *Mary Perez v. Texas Employers Insurance Association,* filed in the 212th District Court of Galveston County, Texas and deliver the same to the clerk of this court on or before 12:00 noon, April 14, 1982. In order to allow sufficient time for examination and approval of the record, this court, on its own motion extends the date for filing the statement of facts in this court to May 14, 1982.

Costs of this proceeding are ordered taxed against respondent Winifred McGar.