**PRESTONVIEW COMPANY, LTD., Appellant,**

v.

**STATE MUTUAL INVESTORS, Appellee.**

No. 19665.

Court of Civil Appeals of Texas, Dallas.

March 12, 1979.

Rehearing Denied April 12, 1979.

Linda S. Aland, L. Vance Stanton, Strother, Davis & Stanton, Dallas, for appellant.

Schuyler B. Marshall, Nancy L. Benoit, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

This is an appeal by a partnership from a summary judgment granted to the lender in a usury case. The lawsuit concerns three parties: Prestonview, a partnership; State Mutual, a lender; and Crawford-Strauss Properties, a corporation. The appellant partnership sued the appellee lender claiming that the lender charged a rate of interest exceeding ten percent per year on a loan. The partnership argued that the loan was actually made to the partnership, and not to the corporation as stated in the loan documents. The partnership alleged that title to the real property which served as security for the loan was in the partnership's name at the time the loan was funded. Appellant reasons that since the lender had constructive notice through the recording statutes that title to the security was in the partnership's name, the lender knew it was making a loan to the partnership. Appellant claims, therefore, that appellee was guilty of usury since the rate of interest on the loan exceeded ten percent per year. The loan documents, however, are regular on their face and show that the loan was made to the corporation, not to the partnership. Accordingly, we affirm the trial court and hold that the constructive notice given by the recording statute, Tex.Rev.Civ.Stat. Ann. art. 6646 (Vernon 1969), is insufficient to charge the lender with usury.

The relevant facts are undisputed. Crawford-Strauss Properties, Inc., the corporate borrower, sought both interim and permanent financing to acquire real property and to erect improvements on the property. It reached an agreement with State Mutual, the lender, whereby $2,600,000 was to be advanced to Crawford-Strauss as interim financing. Crawford-Strauss signed a promissory note bearing 10⅛ percent interest per year and agreed to acquire the real property as a part of the security for the loan. Later, State Mutual executed a written commitment to Crawford-Strauss for permanent financing at the same 10⅛ percent interest rate. In January and February of 1971, Crawford-Strauss acquired title to the real property and commenced improvements. Later, Crawford-Strauss by deed dated April 16, 1971, and recorded on May 20, 1971, conveyed the property to Prestonview, the partnership. State Mutual had no actual knowledge of this conveyance and at all times thought it was lending the money to Crawford-Strauss. More than one year later, in June of 1972, State Mutual closed the permanent financing by advancing funds to Crawford-Strauss. Thus, at the date of closing and for approximately one year preceding the closing, the partnership, not Crawford-Strauss, held title to the property which served as collateral for the

loan from State Mutual to Crawford-Strauss. The title insurance policy, however, and all loan documents recited that the corporation held title.

An attorney, employed by Crawford-Strauss, testified by deposition that he participated in the closing of the permanent financing in ignorance of the earlier deed to the partnership. When he learned of the earlier deed, the attorney did not tell State Mutual, but "fixed" it by getting a deed from the partnership to Crawford-Strauss. When asked if he had a reason for not informing State Mutual that Crawford-Strauss did not hold title to the collateral on a $2,600,000 loan, he responded:

> Well, you must understand we had just finished closing a loan, as I said, in good faith with all of us having thought that the record title stood in Crawford-Strauss Properties, Inc. You know, I felt like it was my job to correct that if possible from everybody's point in [sic] view, including the title company without a gigantic hassle. At that point in time, it was important that the partnership have the loan and close from interim into permanent, and we had just finished doing that and I was reluctant to pass on to in-house counsel that the title didn't even reside in the entity to which he had thought he had made his loan.

Appellant argues that the loan was usurious because Prestonview held record title to the property used as collateral for the loan. In this respect, it asserts that the lender knew that the actual borrower was Prestonview since the lender was charged with constructive notice of the true owner of the property by our recording statute. Tex. Rev.Civ.Stat.Ann. art. 6646 (Vernon 1969) provides:

> The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proven or acknowledged for record and duly recorded in the proper county, *shall be taken and held as notice to all persons of the existence of such grant, deed or instrument.* [Emphasis added.]

We cannot agree with appellant's contention. First, the undisputed summary judgment evidence, including the loan documents, proves that Crawford-Strauss was the borrower. Second, the lender's constructive notice of title in the partnership is not sufficient to make the partnership the borrower. Even though a lender has constructive notice of the name of the record owner of the collateral, this is not equivalent to actual notice of the true borrower and is insufficient to charge the lender with the intent to assess usurious interest.

As this court stated in *American Century Mortgage Investors v. Regional Center, Ltd.,* 529 S.W.2d 578, 583 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.):

> Usury is a matter of intention. Unless the loan papers show on their face an intention to charge interest at a greater rate than permitted by law, the burden is on the party pleading usury to show the existence of some agreement, device, or subterfuge to charge usury and that both parties had that purpose in contemplation. . . . Even though the borrower intended to pay more interest than permitted by law, the transaction is not usurious unless the lender also supposed and intended it to be so. . . . Failure of the lender to make an investigation which might have disclosed facts establishing payments in excess of legally permitted interest is not equivalent to an intention to charge usury. (citations omitted)

Appellant presented no evidence that appellee intended to charge usurious interest. Since there is no genuine issue of fact as to appellant's allegation of usury, the trial court's granting of summary judgment is correct.

If Prestonview was the "actual borrower," as claimed, then this record reflects a deliberate concealment from State Mutual of such fact in the original application for the loan, in the execution of the note and deed of trust for interim loan, and in the execution of the permanent note and deed of trust. This concealment was maintained when the borrower's attorney "fixed" the

title to keep the proceeds of the permanent loan. These actions not only negate the existence of intent by State Mutual to exact usury, but also deprive Prestonview of a "reward", *i. e.,* the right to assert a cause of action generated out of its own deception. *American Century Mortgage Investors v. Regional Center, Ltd., supra.*

Affirmed.