Harold N. COOPER, M.D., Relator,

v.

George CADENA, Respondent.

No. 16371.

Court of Civil Appeals of Texas, San Antonio.

Sept. 12, 1979.

Peter N. Plumb, Allison & Plumb, San Antonio, for relator.

Richard L. Josephson, Baker & Botts, Houston, George H. Spencer, Clemens, Spencer, Welmaker & Finck, San Antonio, Lawrence J. Madigan, Moriarty & Madigan, Houston, for respondent.

## OPINION

PER CURIAM.

This is an original proceeding in which Relator, Harold N. Cooper, seeks a writ of mandamus ordering Respondent, George Cadena, to prepare a statement of facts in our cause No. 16,279, *Harold N. Cooper v. A. E. Bowser et ux.* The transcript in No. 16,279 was filed in this Court on March 26, 1979.

Judgment in this case was signed January 25, 1979. Under Rule 386, Tex.R.Civ.P., the transcript and statement of facts were required to be filed in this Court on or before March 26, 1979, unless an extension of time was granted under the provisions of Rule 21c. The transcript was timely filed, but on March 19, 1979, Relator filed his first motion for extension of time within which to file the statement of facts. Attached to this motion was the affidavit of Respondent in which he stated that due to his duties as official court reporter for County Court at Law No. 3, Bexar County, he was unable to prepare the statement of facts within the time prescribed by Rule 386. He added that he was required to give priority to requests for statements of facts in two criminal cases. This Court granted an extension of time to May 16, 1979, the date on which the Respondent assured us in his affidavit that the statement of facts in this case would be ready.

On May 16, 1979, Relator filed his second motion for extension of time, supported by the affidavit of Respondent. In his affidavit, Respondent repeated the statements made by him in support of the first motion for extension of time, but added that, in addition to the two criminal cases, he was also engaged in preparation of a statement of facts in another civil case. This Court granted an extension of time to June 15, 1979.

The third motion for extension of time was filed on June 18, 1979, supported by the affidavit of Respondent which again referred to the two criminal cases and the civil case mentioned in his affidavit attached to the second motion. This Court granted an extension to July 13, 1979.

The granting of the third extension resulted in the filing of a fourth motion for extension on July 13, 1979. Respondent's affidavit attached to the fourth motion again assured the Court that Respondent was engaged in the preparation of statements of facts in the two criminal cases referred to in the first three motions and in the civil case mentioned in the second and third motions. The time was extended to August 13, 1979.

The fifth motion for extension of time was filed on August 10, 1979, seeking yet another extension. This motion made known to this Court that Relator was unable to secure an affidavit from Respondent because Respondent was on vacation. This motion was accompanied by a petition for mandamus.

The Court granted leave to file the petition for mandamus and set the application for hearing at 10:00 a. m., Monday, September 10.

Respondent has offered no excuse for his failure to prepare the statement of facts. An examination of the preceding motions reveals that Respondent has not completed the statements of facts in the two criminal cases nor the statement of facts in the civil case, despite his assertions in his first four affidavits that he was diligently working on such records. The affidavit attached to the fourth motion establishes that he has completed no statement of facts during a period of 135 days, as of the date of his affidavit attached to such fourth motion.

Under the circumstances, we conclude that this Court has been as lenient as can be expected, in the absence of an explanation for Respondent's lack of progress in the preparation of the three records which he insists have delayed his completion of the record in cause 16,279 in this Court. As pointed out in *O'Neal v. Stovall*, 580 S.W.2d 130, 132 (Tex.Civ.App.—Austin 1979, no writ), "Other than the daily reporting of a court proceeding in progress, the reporter has no professional duty that takes precedence over the prompt completion of state-

ments of fact." Respondent's explanation of his failure to perform his duty is not persuasive.

The Clerk of this Court is directed to issue a writ of mandamus commanding Respondent, George Cadena, to complete the statement of facts in the case of *A. E. Bowser et ux. v. Ciba-Geigy Corporation et al.*, tried in the 57th Judicial District Court of Bexar County, Texas, bearing the trial court's number 76–CI–8141; being the same case as is before this Court under the style of *Harry N. Cooper v. A. E. Bowser et ux.*, and bearing our number 16,279, and to deliver such statement of facts to the Clerk of this Court no later than 10:00 a. m., Friday, September 21, 1979.

Upon receipt of such statement of facts, the Clerk of this Court will mark it "received," stating the time and date of such receipt, and notify all attorneys of record in the case. The attorneys shall then have an opportunity to examine the statement of facts as to its truth and accuracy.

Respondent shall pay all costs of this proceeding.