Carlton WOLTERS, et al., Petitioners,

v.

Herman Devoe WRIGHT, et ux., Respondents.

No. C–258.

Supreme Court of Texas.

Oct. 28, 1981.

Wayne Prosperi, Kronzer, Abraham & Watkins, W. James Kronzer, Houston, for petitioners.

Miller, Miller & Robinson, Thomas K. Robinson, Gonzales, Michael L. Herzik, Houston, for respondents.

SPEARS, Justice.

This appeal arises from a will contest suit filed by our petitioner Carlton Wolters and others. The issue before this court is whether or not the court of civil appeals abused its discretion in denying Wolters' third motion under Rule 21c for an extension of time to file a statement of facts.[1]

The trial court rendered judgment against Wolters. Wolters sought to appeal that judgment but was unable to obtain a statement of facts from the court reporter, Mr. M. A. Baker. Wolters requested and was granted two extensions of time to file his statement of facts, 615 S.W.2d 232; however, the court of civil appeals refused his request for a third extension and dismissed the cause for want of prosecution on February 18, 1981. We reverse the decision of the court of civil appeals and remand the cause to the court of appeals for further proceedings consistent with this opinion.

Petitioner Wolters and others filed this suit in 1977 to contest the will of Quentin Bryan Shaeffer, deceased. After a lengthy trial, reversal and remand by the court of civil appeals, and a second trial, judgment was rendered against Wolters and the other contestants on January 9, 1980. All steps necessary to perfect an appeal were timely

---

1. All references to rules are to Texas Rules of Civil Procedure.

taken; however, a statement of facts was not filed.[2] On April 7, 1980, Wolters filed his first motion to extend time for filing of the statement of facts. The court reporter's affidavit attached to the motion stated that, based on the court reporter's estimate of the size of the statement of facts and his pending workload, an extension of 180 days was necessary. The court of civil appeals granted Wolters a 60-day extension.

On June 10, 1980, the statement of facts had not been completed, and Wolters filed his second motion to extend time for filing the statement of facts. The reporter's affidavit attached to the motion stated that another 120 days would be required to complete the transcription. The court of civil appeals granted an extension to July 24, 1980, but invited Wolters to seek a writ of mandamus to compel the court reporter to finish the statement of facts. The court's opinion cautioned that "failure to seek relief by way of mandamus will be considered in the disposition of further motions for extension of time within which to complete the statement of facts in this cause." 615 S.W.2d at 233.

On July 28, 1980, the reporter still had not completed the statement of facts, and Wolters filed his third 21c motion to extend. This motion was refused. Wolters then filed a motion to reconsider the overruling of his third 21c motion, and he filed with this motion a petition for writ of mandamus directed to the court reporter. Attached to this motion to reconsider was a detailed affidavit of the court reporter setting out his daily activities from June 2, 1980 to August 27, 1980. The affidavit shows that during that period, the reporter underwent nasal surgery, after which he suffered several relapses and a brief hospitalization. Wolters' motion to reconsider and his motion for leave to file a petition for writ of mandamus were overruled by the court of civil appeals. A similar motion for leave was next filed in this court but denied. The court of civil appeals then dismissed

Wolters' appeal for want of prosecution on February 18, 1981. Wolters contends that the court of civil appeals abused its discretion in failing to grant his motion to extend time for filing a statement of facts.

 Rule 21c provides:

An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, *if a motion reasonably explaining the need therefor is filed* within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules. [emphasis added]

We interpreted this rule in *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977), holding that " 'reasonably explaining' means any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *See also Manges v. First State Bank & Trust Co.*, 572 S.W.2d 104, 106 (Tex.Civ.App.1978); *Scheffer v. Chron*, 560 S.W.2d 419 (Tex.Civ. App.—Beaumont 1977, writ ref'd n.r.e.); *Mulloy v. Mulloy*, 538 S.W.2d 818 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

 Each 21c motion must stand on its own facts. Flimsy or rote excuses will not provide a "reasonable explanation" which entitles the movant to an extension of time. *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App. —Dallas 1979, writ ref'd n.r.e.). Nor is a 21c motion to be used as a motion for continuance. *Meshwert v. Meshwert, supra* at 385 (concurring opinion); *Brice v. Brice, supra; Prestonview Co. Ltd. v. State Mutual Investors*, 581 S.W.2d 701 (Tex.Civ.App. —Dallas 1979, writ ref'd n.r.e.); *see also Continental Oil Co. v. Dobie*, 552 S.W.2d 183, 184 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). This court's review of an order denying an extension of time for filing a motion for rehearing is limited to the record the movant made in the court

---

**2.** Under rules 386 and 385(d) the failure to file the statement of facts on time is not jurisdic-

tional.

of appeals. *Banales v. Jackson*, 610 S.W.2d 732 (Tex.1980).

■ We hold that Wolters has, under the present facts, established a reasonable excuse. Wolters timely complied with all appeal prerequisites; he has only failed to file the statement of facts and his brief. His 21c motion to extend was likewise timely filed. Wolters stated in his motion that he was unable to complete the required appellate steps because the court reporter had not yet completed the statement of facts, and he supported this with an affidavit by the court reporter. Without the statement of facts, he could not prepare his appellant's brief. The fact that the court reporter, due to no fault of Wolters, could not or would not prepare the statement of facts within the time allotted by the court of appeals is a plausible excuse showing that the failure to file was not deliberate or intentional. *Stieler v. Stieler*, 537 S.W.2d 954 (Tex.Civ.App. —Austin 1976, writ ref'd n.r.e.). Having complied with the procedures set out in rule 21c, Wolters was entitled to an extension, and the court of civil appeals abused its discretion in failing to grant that extension.

Wright argues that the filing of the affidavit alone was not a reasonable excuse since the court of civil appeals had already advised Wolters to seek a writ of mandamus against the court reporter before requesting another extension. In the present case, mandamus was requested concomitantly with the motion to reconsider. In any event, mandamus prior to the extension would have served no purpose; the court reporter's affidavit stated that he was seriously ill during the time period in question.

■ Even though we cannot agree with the action of the court of civil appeals un-der the facts extant in this particular case, we recognize that extraordinary measures are sometimes necessary to compel a court reporter to do his duty expeditiously. The primary responsibility for compelling the timely completion of statements of facts is clearly that of the trial judge; [3] however, there are several tools at the disposal of the courts of appeal for accomplishing this end. First, the appellate court may impose sanctions on the court reporter. For example, the court may require that the reporter file detailed affidavits showing the number of hours spent on the case and on official matters not connected with the case at hand. *See Wright v. Wolters*, 564 S.W.2d 190 (Tex.Civ.App.—Beaumont 1978, no writ). If these sanctions are not effective in producing a record, a writ of mandamus such as was suggested by the court of civil appeals in this case can be a proper tool for securing a statement of facts.

■ Although this court does not have original jurisdiction to mandamus a court reporter, *Pat Walker & Co., Inc. v. Mary L. Johnson*, 623 S.W.2d 306 (Tex.1981), we must address the power of the courts of appeals to issue such a writ. Generally, a writ of mandamus will lie to compel a public official to perform a non-discretionary duty where the relator's right to have that duty performed is clear. *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981). It is the clear duty of the court reporter to report trial proceedings and to furnish the trial record upon proper request. Rule 376b; Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon).

■ While it has been held that, other than daily reporting of court proceedings in

---

3. Rule 376c provides:

 (a) The presiding judge of the court shall insure that the work of the court reporter is timely accomplished by setting priorities on the various elements of the reporter's workload to be observed by the reporter in the conduct of the business of the court reporter's office. Duties relating to the proceedings before the court shall take preference over other work.

 (b) To aid the judge in setting the priorities in (a) above, each court reporter shall report in writing to the judge on a monthly basis the amount and nature of the business pending in the court reporter's office.

Rule 376b provides in part:

 (c) In case of illness, press of official work or unavoidable absence or disability of the official court reporter to perform the duties [of the court reporter], the presiding judge of the court may, in his discretion, authorize a deputy reporter to act in place of and perform the duties of the official reporter.

progress, the court reporter has no professional duty taking precedence over prompt completion of statements of facts, *Cooper v. Cadena*, 590 S.W.2d 153 (Tex.Civ.App.—San Antonio 1979, no writ); *O'Neal v. Stovall*, 580 S.W.2d 130 (Tex.Civ.App.—Austin 1979, no writ); *O'Neal v. County of San Saba*, 577 S.W.2d 795 (Tex.Civ.App.—Austin 1979, no writ), the duty to prepare appellate records is *as important as any* other professional duty of the reporter, *including* the daily reporting of court proceedings. Rules 376b and 376c. Furthermore, the duty to prepare a statement of facts may, in the proper case, take precedence over all other duties of the reporter. *See Modine Mfg. Co. v. North East Independent School Dist.*, 489 S.W.2d 458 (Tex.Civ.App.—San Antonio 1972, no writ); *Figueroa v. Treece*, 331 S.W.2d 250 (Tex.Civ.App.—San Antonio 1960, no writ). The court reporter may therefore be compelled by writ of mandamus to furnish a statement of facts.

A court of appeals may issue writs of mandamus and all other writs to enforce its jurisdiction. Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964). An appellant invokes the jurisdiction of the court of appeals when he files his appeal bond or notice of appeal. Rule 363; *Puckett v. Frizzell*, 402 S.W.2d 148 (Tex.1966). However, a statement of facts, though no longer jurisdictional, is necessary for the appellate court to review any points of error contesting the legal or factual sufficiency of the evidence supporting the judgment below, *Texas & P. Ry. Co. v. Purcell*, 91 Tex. 585, 44 S.W. 1058 (1898), and in presenting error to the reviewing court in many other instances as well.[4]

■ Since a statement of facts is often necessary to the exercise of appellate jurisdiction, the court of appeals may issue a writ of mandamus to compel the court reporter to complete the statement of facts in order to protect that court's jurisdiction.

*Loflin v. Weiss*, 605 S.W.2d 377 (Tex.Civ. App.—Amarillo 1980, no writ); *Cooper v. Cadena, supra; O'Neal v. Stovall, supra; City of Ingleside v. Johnson*, 537 S.W.2d 145 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Otto v. Wren*, 184 S.W. 350 (Tex.Civ. App.—Galveston 1916, no writ). Disobedience of the writ of mandamus would then be punishable as contempt, and both punitive and coercive sanctions can be applied. Tex.Rev.Civ.Stat.Ann. art. 1911a; *see also Guillory v. State*, 557 S.W.2d 118, 121 (Tex. Cr.App.1977); *O'Neal v. Stovall, supra.*

■ Where a writ of mandamus is sought from the court of appeals, a factual hearing will often be necessary. In some instances, the court of appeals has conducted its own hearings. *See Ex Parte Duncan*, 127 Tex. 507, 95 S.W.2d 675 (1936). The preferred procedure, however, would be to refer the hearing to the judge of a district court while the court of appeals retains jurisdiction. *Ex Parte Werblud*, 536 S.W.2d 542 (Tex.1976); *Int. Ladies' G.W. Union No. 123 v. Dorothy Frocks Co.*, 97 S.W.2d 379 (Tex.Civ.App.—San Antonio 1936, no writ). The transcript of evidence from the hearing on the writ is then forwarded to the court of appeals for decision. *Id.*

■ Where sanctions and a writ of mandamus have been ineffective in producing a record upon which the court may review the decision below, the cause may be remanded to the trial court for a new trial. *O'Neal v. County of San Saba*, 594 S.W.2d 185 (Tex. Civ.App.—Austin 1980, writ ref'd n.r.e.); *Southland Mower Co., Inc. v. Jordan*, 587 S.W.2d 215 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). However, this measure imposes a hardship upon the parties, who must retry an often long and complicated case. Moreover, it nullifies the time and effort of the court. For this reason, a new trial should be granted only where it appears that no other action will

---

4. We note, however, that rule 377 encourages the use of abbreviated statements of fact: "All matters not essential to the questions presented on appeal *shall* be omitted." Rule 377(b).

A party arbitrarily requiring more than is necessary "shall be required by the appellate court to pay the costs thereof, regardless of the outcome of the appeal." Rule 377(f).

adequately protect the right of the appellant to review by the court of appeals.[5]

The neglect of the court reporter harms the appellant, appellee, and the courts. In the interest of justice and the conservation of judicial time and energy, sanctions should be imposed to compel a court reporter to complete the statement of facts where the reporter has been dilatory. Where milder sanctions are not effective, mandamus and contempt or, as a last resort, a retrial of the case, may even be necessary. However, a court should not punish an innocent appellant for the dereliction of the court reporter.

The judgment of the court of civil appeals is reversed and the cause remanded to the court of appeals for further proceedings consistent with this opinion.

---

**5.** For example, in the *San Saba* case, mandamus had already been used to attempt to persuade the court reporter, Mr. Stovall, to finish the statement of facts. *See O'Neal v. Stovall, supra.* Even though he had been found in contempt of court and ordered to pay a sum certain for each day after April 19, 1979 the statement of facts was delayed, Mr. Stovall had still not produced a complete record on December 19 of that year. Thus, the court of appeals had reason to believe that the prospects of ever obtaining a complete record of the original trial were slim.