In re Yvette RYAN.

Ancillary to Texas Workers'
Compensation Fund,
Appellant,

v.

Lucas Lopez, Appellee.

No. 04–98–00338–CV.

Court of Appeals of Texas,
San Antonio.

April 20, 1999.

David L. Brenner, Kristin L. Gustavson, Burns Anderson Jury & Brenner, L.L.P., Austin, Lynne Liberato, Michelle M. Monger, Hayes and Boone, L.L.P., Houston, Jeff R. Boggess, Austin, for Appellant.

Michael P. Doyle, Cook, Butler & Doyle, L.L.P., Houston, for Appellee.

Before PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

Because the court reporter, Yvette Ryan, has willfully and intentionally violated an order of this court, we find her in criminal contempt and order her to pay a $500 fine, disgorge the fee previously paid

for the reporter's record, and pay the costs of this contempt proceeding. We also refer this matter to the Court Reporters Certification Board.

## FACTUAL AND PROCEDURAL BACKGROUND

After Lucas Lopez was diagnosed with chronic obstructive pulmonary disease, he applied for workers' compensation benefits. Lopez' application was denied, however, because the Fund determined there was no causal link between Lopez' disease and his employment. This finding was upheld by the Texas Workers' Compensation Commission and Lopez timely appealed to the district court.

On March 3, 1998, after a three-day jury trial, the court rendered a judgment on the jury's verdict in Lopez's favor, and the Fund appealed, timely filing its notice of appeal and its request for the preparation of the reporter's record. The clerk's record was timely filed before July 1, 1998. But the only reporter's record filed by that date was a record of a post-trial hearing. The record of the trial proceedings was not filed, nor did the reporter, Yvette Ryan, file a notification of late record. Accordingly, by letter dated October 26, 1998, this court notified Ryan the record was past due and ordered her to file either a notification of late record by November 5 or the record by November 25. On the same date, the Texas Workers' Compensation Insurance Fund moved to compel Ryan to complete and file the record and for sanctions.

Ryan did not file a notification of late record by November 5, nor did she file the record by November 25. Instead, on November 16, Ryan requested an extension until December 15, 1998. As grounds for her request, Ryan asserted her computer did not write or save to a disk, the company from which she purchased the computer has gone out of business, and she must therefore type the record in this case and several others. On November 20, 1998, we denied Ryan's request, granted the Fund's motion to compel, and ordered Ryan to file

the reporter's record in this court no later than 4:00 p.m. on Monday, November 30, 1998. We reserved ruling on the Fund's sanctions motion but advised Ryan the motion remained pending. We further advised Ryan that if she failed to file the record as ordered, this court would order her to appear and show cause why she should not be held in contempt. This order was personally served on Ryan on November 20, 1998.

On November 30, Ryan filed two volumes of record, the first labeled "January 12, 1998 Volume I" and the second labeled "Exhibits Volume II" and certified this record "constituted a full, true and correct transcript of the proceedings had before the HONRABLE [sic] JOHN MCKEL-LIPS on JANUARY 12 AND 13, 1998, in Alice, Texas." In fact, however, the reporter's record was not complete. It omitted all of the testimony of the plaintiff, Lucas Lopez, and the direct and cross-examination deposition testimony of his expert witness, Dr. Salim, as well as the objections and rulings relating to Dr. Salim's testimony. Also omitted were the proceedings on January 13, 1998, numerous exhibits, the voir dire, and the indices of witnesses, testimony, and exhibits required by section B.1.(k), ($l$), and (m) of the Supreme Court Order Directing the Form of the Appellate Record in Civil Cases.

Because the record was late and incomplete, on January 20, 1999, the Fund filed a supplemental motion for sanctions and, on February 19, 1999, we issued further orders directing Ryan to complete the record. We also ordered Ryan to appear before this court on April 19, 1999 to show cause why she should not be held in civil and criminal contempt for violating this court's November 20, 1998 order by failing to file the reporter's record no later than November 30, 1998 and why she should not be sanctioned. We advised Ryan she had the right to counsel and the proceedings would be recorded by a certified court reporter. Our February 19, 1999 order,

together with copies of the Fund's motion and supplemental motion for sanctions were personally served on Ryan on March 5, 1999.

On March 17, 1999, Ryan filed the reporter's record of the voir dire proceedings and Dr. Salim's deposition testimony. The objections and rulings related to Dr. Salim's testimony have been reconstructed as a result of the cooperative efforts of the parties' attorneys' and the trial court. To date, Ryan has not filed the required indices. To obtain this record, the Fund has paid not only the cost of the record ($1950.75) but also in excess of $20,000 in attorney's fees.

At the show cause hearing held April 19, 1999, Ryan personally appeared and was advised of her right against self-incrimination and her right to present evidence and arguments. Ryan again explained her failure to file the record as the result of repeated equipment failures. She also attributed some part of the blame to a malfunctioning electrical plug in the courtroom, stress resulting from equipment failures, and some aspects of her personal life.

### CONTEMPT

■ "Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority." *Ex parte Chambers,* 898 S.W.2d 257, 259 (Tex.1995). "A criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order." *Id.* "Noncompliance with an unambiguous order of which one has notice will ordinarily raise an inference that the noncompliance was willful." *Id.* at 261. However, "noncompliance cannot have been willful if the failure to comply was involuntary." *Id.* Therefore, "[t]he involuntary inability to comply with an order is a valid defense to criminal contempt." *Id.* If a defense is not proved and the person is held in contempt

of court, he or she may be fined a maximum of $500.00 and confined for a maximum of six months in the county jail. Tex. Gov't Code Ann. § 21.002(a)-(b) (Vernon 1988).

■ The record conclusively establishes Ryan was personally served with and violated this court's order requiring her to file the reporter's record in this appeal no later than 4:00 p.m. on November 30, 1998. And we are not persuaded Ryan's violation of our November 20, 1998 order resulted from an involuntary inability to comply. Indeed, Ryan stated in a January 6, 1999 letter to this court "[t]he deposition of Dr. Salim was not taken by steno notes by me in courtroom since it was presented to jury." Similarly, in a January 26, 1999 letter, Ryan stated she is "not required to write the depositions that are being presented to the jury." But at a hearing in the trial court, Ryan testified she usually recorded depositions excerpts read to the jury; however, there was an "ink blob" on her notes of Dr. Salim's testimony, her computer was not functioning properly, and the tape recorder was not recording. Ryan also testified at this hearing she learned her transcription was incomplete while she was working on the record. But she nonetheless certified the record she filed in this court "constituted a full, true and correct transcript of the proceedings." In short, Ryan has not provided this court with a credible or even consistent explanation for her failure to comply with this court's November 20, 1998 order and, as a result, we are not persuaded her failure to comply resulted from equipment failures. We therefore hold Ryan in criminal contempt of court, as set forth below.

### SANCTIONS

■ Because "[t]he neglect of the court reporter harms the appellant, appellee, and the courts," "sanctions should be imposed to compel a court reporter to complete the [reporter's record] where the reporter has been dilatory." *Wolters v. Wright,* 623 S.W.2d 301, 306 (Tex.1981).

Appellate courts are thus expressly authorized by rule to "enter any order necessary to ensure the timely filing of the appellate record." TEX.R.APP. P. 35.3(c). We have issued several such coercive orders in this appeal and, through the assistance of the trial court and the cooperation of the parties' counsel, we have finally obtained a record that is sufficiently complete to permit an appeal. But it has taken almost one year, over twenty thousand dollars of the Fund's limited resources, and countless hours of this court's time. The Fund thus asks this court to sanction Ryan for her failure to timely file the record and for her repeated misrepresentations.

■ We agree sanctions are appropriate but we have not found any provision expressly authorizing an appellate court to sanction a court reporter for failing to comply with an order requiring her to file a reporter's record by a date and time certain. However, we believe and hold we have the inherent power to do so "to aid in the exercise of [the court's] jurisdiction, in the administration of justice, and in the preservation of [the court's] independence and integrity." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979); *see Kutch v. Del Mar College*, 831 S.W.2d 506, 509–10 (Tex.App.—Corpus Christi 1992, no writ). To hold otherwise would significantly impair our ability to perform our duty to ensure complete records are timely filed and thus our ability "to deter, alleviate, and counteract bad faith abuse of the judicial process" in the future. *Kutch*, 831 S.W.2d at 510. We therefore grant the Fund's motion for sanctions in part, as set forth below.

### CONCLUSION

We find Yvette Ryan guilty of criminal contempt of this court for willfully and intentionally failing to comply with this court's November 20, 1998 order requiring her to file the reporter's record in the underlying appeal by the date and time specified in the order. We thus order Ryan to pay a fine of five hundred dollars ($500.00) to the Clerk of the Fourth Court of Appeals no later than 5:00 p.m. on May 19, 1999. If Ryan fails to pay the fine timely, it shall be collectible in the manner provided by law for any criminal fine. We further order Ryan to pay the court reporter's fee for reporting the show cause hearing, for which execution may issue. As a sanction for her failure to timely file the record, we further order Yvette Ryan to return to the Texas Workers' Compensation Insurance Fund by 5:00 p.m. on May 19, 1999 the $1950.75 fee collected by her in payment for the reporter's record in the underlying appeal. Finally, we order the Clerk of the Fourth Court of Appeals to forward copies of this opinion and the related judgment, as well as this court's November 20, 1998 and February 19, 1999 orders, to the Court Reporters Certification Board for investigation and any other action it may deem necessary. We authorize the clerk to complete any paperwork required by the Board. *See* TEX. GOV'T CODE ANN. § 52.027 (Vernon 1998).[1]

---

1. As noted at the conclusion of the show cause hearing, Justice Duncan would also assess against Ryan, as an additional sanction, some portion of the Fund's attorney's fees.