

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-10-00090-CR

**SEBASTIAN WILLIE MEJIA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

On appeal from the 377th District Court
of Victoria County, Texas.

## NUMBER 13-11-00587-CR

## IN RE SEBASTIAN WILLIE MEJIA

On Petition for Writ of Mandamus.

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion Per Curiam**

Sebastian Willie Mejia ("relator") is currently before this Court as a pro se appellant in cause number 13-10-00090-CR, in which he is appealing his conviction for engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02 (West Supp. 2010). This original proceeding was commenced by the filing of relator's petition for writ of mandamus, requesting that this Court direct Yvett Shugart ("respondent"), the official court reporter for the 377th District Court of Victoria County, to prepare, certify, and file with this Court a supplemental reporter's record containing what relator alleges to be relevant items omitted from the original reporter's record. *See* TEX. R. APP. P. 34.6(d). For the reasons set forth below, we deny the petition for writ of mandamus; however, based on the authority of rule 34.6(d), we direct respondent to file with this Court within 45 days a supplemental reporter's record containing: (1) the items relator complains were omitted from the original reporter's record (as set forth below); or (2) respondent's certification that it is not possible to supplement the reporter's record with the complained-of item(s). *See id.*

## I. BACKGROUND

On February 22, 2010, after relator was convicted for engaging in organized criminal activity and sentenced to life in prison, relator's court-appointed attorney filed a notice of appeal in cause number 13-10-00090-CR. Relator's attorney obtained from this Court two extensions of time to file relator's appellate brief. On April 28, 2011, when relator's brief had still not been filed, we abated the appeal and remanded the case to the trial court for determination of whether relator's court-appointed attorney should remain as relator's counsel and, if not, whether relator is entitled to a new appointed counsel or waives his right to counsel and elects to proceed pro se. On May

2

23, 2011, the trial court entered an order in which it found that relator had waived his right to counsel and discharged relator's court-appointed counsel with instructions for counsel to forward a copy of the reporter's record to relator.

Relator's appeal was subsequently re-instated, and relator (now pro se) obtained a third extension of time to file his appellate brief, which as a result, became due on September 25, 2011. On August 25, 2011, relator filed his fourth motion for extension of time to file his appellate brief. The motion remained pending and had not been ruled upon when the deadline expired for relator to file his appellate brief, which this Court had not received to date.

On September 19, 2011, relator commenced this original proceeding by filing his petition for writ of mandamus, requesting that this Court direct respondent to prepare, certify, and file with this Court a supplemental reporter's record containing relevant items allegedly omitted from the original, 29 volume, 2,533 page-long, reporter's record. *See* TEX. R. APP. P. 34.6(d). Relator complains that the following items were omitted from the reporter's record: (1) the transcript of a pre-trial hearing held on an unknown date sometime between July and November 2009, during which the trial court made a ruling to set aside funds for relator's court-appointed attorney to hire a private investigator; (2) the transcript of a pre-trial hearing held on an unknown date sometime between July and November 2009, during which relator attempted to object to (a) his court-appointed attorney's failure to investigate the case, (b) his inability to participate in his own defense, and (c) the breakdown in communications with his court-appointed attorney; and (3) pages 9, 10, 16, 21, 25, 34, 36, 42, 46, and 47 in volume 15 of the reporter's record. After reviewing the reporter's record filed with this Court, we have

3

confirmed that respondent did not omit the pages in volume 15 that relator alleges were omitted.

## II.  LEGAL STANDARD

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

## III.  APPLICABLE LAW

The reporter's record is part of the appellate record. *See* TEX. R. APP. P. 34.1 (appellate record consists of clerk's record and, if necessary to appeal, the reporter's record). In criminal cases, the appellate record must be filed in the appellate court within sixty days after the date sentence is imposed or suspended in open court or within one hundred twenty days of such date if a timely motion for new trial is filed. TEX. R. APP. P. 35.2(a), (b). The reporter's record may be supplemented after it is filed if anything relevant is omitted from it, and may be corrected either before or after it is filed in the appellate court. TEX. R. APP. P. 34.6(d), (e). Moreover, the appellate court must allow the record to be filed late when the delay is not the appellant's fault, and may do so when the delay is the appellant's fault. TEX. R. APP. P. 35.3(c).

4

## IV. ANALYSIS

Because a reporter's record is often necessary to the exercise of appellate jurisdiction, a court of appeals may issue a writ of mandamus to compel the completion of the reporter's record. *See Wolters v. Wright*, 623 S.W.2d 301, 305 (Tex. 1981). In this case, however, we conclude that it is unnecessary to issue the writ to enforce our jurisdiction. If anything relevant is omitted from the reporter's record, we may direct the court reporter to file in this Court a supplemental reporter's record to cure the omission. *See* TEX. R. APP. P. 34.6(d). Accordingly, we will deny the petition for writ of mandamus, but we will exercise our authority under rule 34.6(d) to direct respondent to file with this Court within 45 days a supplemental reporter's record containing the following:

(1) the items relator complains were omitted from the original reporter's record:

    a. a transcript of the hearing identified by relator as a pre-trial hearing held between July and November 2009, during which the trial court made a ruling to set aside funds for relator's court-appointed attorney to hire a private investigator; and

    b. a transcript of the hearing identified by appellant as a pre-trial hearing held between July and November 2009 during which relator attempted to object to his court-appointed attorney's failure to investigate the case, his inability to participate in his own defense, and the breakdown in communications with his court-appointed attorney;

(2) respondent's certification that it is not possible to supplement the reporter's record with the complained-of item(s).

## V. CONCLUSION AND ORDER

The Court, having examined and fully considered the petition for writ of mandamus is of the opinion that the petition should be denied. Accordingly, because relator has failed to demonstrate that he is entitled to extraordinary relief, the petition for writ of mandamus is denied. Based on the authority of rule 34.6(d), we direct respondent, Yvett Shugart, the official court reporter for the 377th District Court of Victoria County to file with this Court within 45 days a supplemental reporter's record in cause number 13-10-00090-CR containing either: (1) the items relator complains were omitted from the original reporter's record (as set forth above); or (2) respondent's certification that it is not possible to supplement the record with the complained-of items. Relator's fourth motion for extension of time to file his appellate brief will be held in abeyance until respondent has filed the supplemental reporter's record. It is so ORDERED.

PER CURIAM

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
9th day of December, 2011.

6