ACCEPTED
04-15-00575-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/16/2015 3:19:34 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-15-00575-CV

| | | |
|---|---|---|
| B&P DEVELOPMENT, LLC | § | IN THE COURT OF APPEALS |
| AND CHAD H. FOSTER JR., | § | |
| APPELLANTS, | § | |
| | § | |
| —VERSUS— | § | FOURTH COURT OF APPEALS DISTRICT |
| | § | |
| KNIGHTHAWK, LLC, SERIES G, | § | |
| APPELLEE. | § | SAN ANTONIO, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/16/2015 3:19:34 PM
KEITH HOTTLE
Clerk

**UNOPPOSED MOTION TO RECONSIDER ORDER GRANTING
A 120-DAY EXTENSION TO FILE REPORTER'S RECORD
IN VIOLATION OF TEXAS RULE OF APPELLATE PROCEDURE 35.3(C)**

**TO THE HONORABLE JUSTICES OF SAID COURT:**

**NOW COMES** Appellee, Knighthawk, LLC, Series G ("Knighthawk"), and files this Motion to Reconsider Order Granting Court Reporter a 120-Day Extension to File Reporter's Record in Violation of Texas Rule of Appellate Procedure 35.3(c), and in support thereof, would respectfully show the Court as follows:

### A. INTRODUCTION

1. This boundary dispute is on appeal from the 83rd District Court of Val Verde County, the Honorable Stephen B. Ables, presiding.

2. From January 20, 2015 until January 29, 2015, the parties tried this case before a jury. The jury found that Plaintiff Knighthawk's survey showed the accurate location of the boundary line, found that Defendants B&P Development, LLC ("B&P") and Chad H. Foster Jr. ("Foster") had trespassed on Knighthawk's property, and awarded Knighthawk damages for past and future damages for, *inter alia*, B&P's improper use and occupancy of Knighthawk's property. The jury's verdict was unanimous.

3. After the jury trial, the trial court held a bench trial on attorney's fees, and eventually ordered that Knighthawk recover its attorney's fees from B&P.

4. On March 5, 2015, B&P and Foster filed their "Defendants' Motion to Disregard Certain Jury Answers, and Render Judgment for Defendants on Certain Other Answers, or in the Alternative, Motion for Judgment Notwithstanding the Jury's Verdict, and Plaintiff's Motion for Judgment on the Verdict.

5. On March 27, 2015, even before the judgment was signed, Defendants B&P and Foster filed their first Motion for New Trial.

6. On May 1, 2015, the trial court signed its original Final Judgment.

7. On June 25, 2015, the trial court signed an amended Final Judgment.

8. On July 17, 2015, B&P and Foster filed a second Motion for New Trial, which the trial court overruled on August 27, 2015.

9. On September 15, 2015, B&P and Foster filed their Notice of Appeal.

10. The appellate record was originally due to be filed with this Court on October 23, 2015.

11. On October 27, 2015, the Val Verde County District Clerk's Office filed a Notification of Late Record, indicating that the clerk's record was not timely filed because B&P and Foster were not entitled to a clerk's record on appeal without paying for its preparation, and they had failed to pay or make arrangements to pay the fee for preparing such record. Importantly, the Val Verde County District Clerk's Office served that Notification of Late Record on the parties to the appeal.

12. On that same day, October 27, 2015, this Court issued an order requiring B&P and Foster to provide proof that they had paid the fee for preparation of the clerk's record on or before November 6, 2015. That order included a footnote explaining, "this court has also

2

been advised that appellants have failed to pay for the reporter's record, and the reporter intends to file a notification of late record stating same."

13. Before October 27, 2015, Knighthawk was unaware of any communication between the court reporter, Ms. Liché M. Cavazos, and this Court about why the reporter's record had not been filed on time. But once Knighthawk's attorneys read the footnote in this Court's October 27, 2015 order, they believed that the only reason Ms. Cavazos had not filed the reporter's record was that B&P and Foster had not yet paid for it.

14. On October 30, 2015, Knighthawk received an electronic notification from this Court providing, "Liche Cavazos' Notification of Late Reporter's Record in the above styled and numbered cause has this date been received and filed." Unlike the District Clerk, Ms. Cavazos did not serve the Notification of Late Record on the parties. And although that Notification of Late Record now appears on this Court's website, it did not last week, and Knighthawk's attorneys received no e-mail notification containing this actual Notification of Late Record—the second page of the notification from this Court was blank. In light of the footnote in this Court's previous order, however, Knighthawk's attorneys believed that, like the clerk's record, the only reason the reporter's record had not been filed was because Appellants had not paid for it yet.

15. Appellants apparently paid for the clerk's record, because on November 5, 2015, the Val Verde County District Clerk filed the clerk's record.

16. Ms. Cavazos' Notification of Late Record explained that she had not filed the reporter's record, not only because the Appellants had not yet made arrangements to pay for it, but also because "[her] other duties preclude working on the record and include the

following. . . another appeal due on a criminal case." Based on those other duties, Ms. Cavazos requested an extension until February 29, 2016 to file the reporter's record.

17. Importantly, Ms. Cavazos' Notification of Late Record recited that the reporter served a copy of that document on the parties. That recitation, however, was not true—Knighthawk never received a copy of the court reporter's notification of Late Record, and that Notification of Late Record was not posted on this Court's website until after counsel for Knighthawk called the Court to inquire about it.

18. Knighthawk did not know that Ms. Cavazos was requesting such a lengthy extension until November 9, 2015, when it received this Court's order granting in part and denying in part Ms. Cavazos' requested relief. On November 9, 2015, after learning of this Court's order granting Ms. Cavazos' requested extension, Knighthawk's counsel called the Court and spoke with one of its Deputy Clerks. Since Ms. Cavazos did not serve her Notification of Late Record on Knighthawk, its counsel was not able review that Notification until November 9, 2015, when one of this Court's Deputy Clerks forwarded it to her.

19. This Court granted Ms. Cavazos an extension to file the reporter's record until February 22, 2016.

20. February 22, 2016 is:

- 398 days from the date the parties began this trial;

- 297 days from the date the trial court signed its original Final Judgment; and

- 242 days from the date the trial court signed its amended Final Judgment.

4

## B.     ARGUMENT AND AUTHORITIES

21. Texas Rule of Appellate Procedure 35.3(c) requires appellate courts to ensure that appellate records are timely filed. That Rule specifically prohibits appellate courts from granting extensions of longer than 30 days at a time to file appellate records: "[e]ach extension must not exceed 30 days in an ordinary or restricted appeal. . . ." Tex. R. App. P. 35.3(c). While this Court has discretion to allow the appellate record to be filed late, it has no discretion to grant extensions of longer than 30 days at a time. *See id.*; *see also* Tex. Gov't Code Ann. § 311.016(3) (West 2015), *and Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (when used in a statute, the terms "must" and "shall" create a mandatory duty or obligation). Finally, Rule 35.3(c) authorizes this Court to "enter any order necessary to ensure the timely filing of the appellate record." *Id.* In fact, this Court "must make whatever order is appropriate to avoid further delay and to preserve the parties' rights." Tex. R. App. P. 37.3(a)(1).

22. Knighthawk respectfully requests that this Court reconsider its previous order granting Ms. Cavazos a single extension of 120 days from the original due date to file the reporter's record, since that extension violates Rule 35.3(c). Knighthawk understands that court reporters may request multiple extensions, and that as a result of requesting multiple extensions, Ms. Cavazos may eventually receive extensions totaling 120 days from the date the record was due. But an extension this long sends Ms. Cavazos the message that the Texas Rules of Appellate Procedure do not govern her work, that this reporter's record is not a priority, and that she need not treat this record as a priority.

23. With an extension until February 22, 2016, the reporter's record will not be filed until 242 days—eight months—from the date the trial court signed its amended Final

5

Judgment. That extension to file the reporter's record is longer than this court's average time between filing and disposition. *See* Court of Appeals Activity—Activity Detail available at: http://www.txcourts.gov/statistics/annual-statistical-reports/2014.aspx (last visited Nov. 15, 2015). That delay is especially damaging here because the clerk's record has been filed, so the delay in filing the reporter's record is the only impediment to moving this case forward. This delay will obviously postpone the filing of the parties' briefs and defer the ultimate resolution of this case. This delay injures Knighthawk and it impairs this Court's administration of justice.

24.    "The neglect of the court reporter harms the appellant, appellee, and the courts. . . ." *Wolters v. Wright*, 623 S.W2d 301, 306 (Tex. 1981). This Court is "expressly authorized by rule to ensure the timely filing of the appellate record." *In re Ryan*, 993 S.W.2d 294, 297 (Tex. App.—San Antonio 1999, no pet.). In ordering a court reporter to timely file the reporter's record, this Court has the inherent power "to aid in the exercise of [this court's] jurisdiction, in the administration of justice, and in the preservation of [the court's] independence and integrity." *Id.* (quoting *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979)).

25.    Knighthawk asks that this Court aid in the administration of justice by withdrawing its November 9, 2015 order granting Ms. Cavazos an extension until February 22, 2016— 120 days from the date the reporter's record was originally due, and 242 days from the date the trial court signed its amended Final Judgment—and substituting in its place an order that complies with Texas Rule of Appellate Procedure 35.3(c) and grants Ms. Cavazos an extension of no more than 30 days to file the reporter's record.

6

## C.     CONCLUSION AND PRAYER

26.     For the foregoing reasons, Appellee Knighthawk, LLC, Series G respectfully requests that this Court:

- grant this Motion to Reconsider Order Granting a 120-Day Extension to File Reporter's Record in Violation of Texas Rule of Appellate Procedure 35.3(c);

- withdraw its November 9, 2015 order granting Ms. Cavazos an extension until February 22, 2016 to file the reporter's record in this case;

- substitute in its place an order granting Ms. Cavazos an extension of only 30 days—until November 23, 2015—to file the reporter's record; and

- order Ms. Cavazos to serve any future extension requests on all counsel.

Knighthawk further requests all additional relief to which it may be entitled, in equity or at law.

Respectfully submitted,

*/s/ Beth Watkins*
Beth Watkins
State Bar No. 24037675
Law Office of Beth Watkins
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666—phone
(210) 225-2300—fax
Beth.Watkins@WatkinsAppeals.com

Counsel for Appellee
Knighthawk, LLC, Series G

7

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on November 16, 2015, I e-mailed a copy of this Motion to Reconsider Order Granting Court Reporter a 120-Day Extension to File Reporter's Record in Violation of Texas Rule of Appellate Procedure 35.3(c) to Mr. Greg White, counsel for Appellants. On November 16, 2015, Mr. White responded that, on behalf of his clients, he was unopposed to the substance of this motion.

*/s/ Beth Watkins*
Beth Watkins

Counsel for Appellee
Knighthawk, LLC, Series G


**CERTIFICATE OF SERVICE**

I hereby certify that, on November 16, 2015, I electronically served, via FileTime, my e-filing service provider, a true and correct copy of the above document on the following counsel of record:

Mr. Greg White
ATTORNEY AT LAW
P.O. Box 2186
Waco, Texas 76703
(254) 307-0097—phone
(866) 521-5569—fax
greg.white@texapplaw.com

Attorney for Appellants
B&P Development, LLC
and Chad H. Foster, Jr.

*/s/ Beth Watkins*
Beth Watkins

Counsel for Appellee
Knighthawk, LLC, Series G