**Order entered October 28, 2020**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-20-00143-CV

**THEODORE SIMMONS, Appellant**

**V.**

**MIDLAND FUNDING, LLC, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01681-C**

**ORDER**

We **REINSTATE** this appeal which we abated to allow the trial court an opportunity to conduct a hearing to determine why substitute court reporter LaToya Young had not filed the reporter's record of the September 19, 2019 bench trial. The abatement followed five orders between March 3, 2020 and June 9, 2020 directing Ms. Young to file the record and a sixth order, entered August 10, 2020, prohibiting her from sitting as a court reporter until the record was filed. Of the orders between March 3rd and June 9th, only the June 9th order resulted from Ms.

1

Young requesting an extension, and the explanation she offered in support was that she was "working diligently to complete" the record.

The trial court held a show cause hearing on October 19, 2020, after Ms. Young failed to appear at a hearing the trial court scheduled for October 5, 2020. Following testimony, the trial court found, in part, that Ms. Young had filed the record that morning and Ms. Young's failure to comply earlier was "without a valid excuse."

We note our records reflect Ms. Young attempted to file the record on October 19th, but the record was rejected as incomplete because only page 5 was uploaded. Ms. Young was directed to file the corrected record within three days, but she has not filed it to date.

Ms. Young's disregard for this Court's and the trial court's orders, lack of communication, and misrepresentation to the trial court concerning the status of the record have resulted in a delay in this appeal of over seven months and wasted judicial resources. Because "[t]he neglect of the court reporter harms the appellant, appellee, and the courts[,]" appellate courts are "expressly authorized to 'enter any order necessary to ensure the timely filing of the appellate record.'" *In re Ryan*, 993 S.W.2d 294, 297-98 (Tex. App.—San Antonio 1999, no pet.) (quoting TEX. R. APP. P. 35.3(c); *Wolters v. Wright*, 623 S.W.2d 301, 306 (Tex. 1981)). Appellate courts may impose sanctions on the court reporter, hold the

reporter in contempt and impose a period of incarceration, and report the reporter to the Judicial Branch Certification Commission for investigation. *See Wolters*, 623 S.W.2d at 306; *In re Miles*, 64 S.W.3d 445, 446 (Tex. App.—Houston [1st Dist.] 2001, order) (per curiam); *In re Ryan*, 993 S.W.2d at 298.

While we do not rule out those options for the future, our task at this time is to ensure the reporter's record of the trial is filed. Given that Ms. Young has been unable to file the record, we **ORDER** the trial court to conduct a hearing at which both Ms. Young and Janet Wright, Official Court Reporter for County Court at Law No. 3, shall be present. The trial court shall hold the hearing **no later than November 10, 2020** and shall determine if Ms. Young's notes and records are available for transcription by Ms. Wright. If the notes and records are available, the trial court shall order Ms. Young to turn the notes and records over to Ms. Wright by a date and time certain, **but in no event any later than November 12, 2020 at 5:00 p.m.** Ms. Wright **SHALL** prepare and file the record **by November 30, 2020**. The trial court shall make written findings, and those findings shall be filed in a supplemental clerk's record **no later than November 13, 2020**. A reporter's record of the hearing shall also be filed **no later than November 13, 2020**.

Our August 10th order prohibiting Ms. Young from sitting as a reporter until the missing record is filed **REMAINS IN EFFECT.**

3

We note the reporter's record of the October 19th hearing was to be filed by October 22, 2020 but has yet to be filed. Accordingly, we **ORDER** the record be filed **no later than November 3, 2020.**

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Sally Montgomery, Presiding Judge of County Court at Law No. 3; Dallas County Clerk John F. Warren; Ms. Wright; Ms. Young; the Dallas County Auditor; and, the parties.

We again **ABATE** the appeal to allow the trial court an opportunity to conduct the hearing. The appeal will be reinstated no later than November 20, 2020.

/s/    BILL WHITEHILL
          JUSTICE

4