**Opinion filed August 29, 2025**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00244-CV

_____

## IN RE BRIAN FARRELL AND CHRISTINE K. FARRELL

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

This original proceeding involves a request to stay the enforcement of a judgment for eviction.

On June 2, 2025, Real Party in Interest Lana Strissel, as trustee of North Star Trust, secured a judgment for eviction against Relators Brian Farrell and Christine K. Farrell (the Farrells) in the Eastland County Justice Court, Precinct 2. Christine then filed a notice of appeal, seeking a de novo review of the judgment in the 91st

District Court.[1]  Christine also filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond, which operated as a substitute for an appeal bond while the case was pending in the district court.  *See* TEX. R. CIV. P. 510.9(c)(1).

On July 31, 2025, the 91st District Court entered a judgment of eviction against the Farrells.  That judgment is now on appeal in Cause No. 11-25-00220-CV.  The documents included in the petition also indicate that, on August 6, 2025, the justice court issued a writ of possession arising out of the district court's judgment.

In their petition, the Farrells seek three forms of relief.  First, they ask us to "[s]tay, recall, and cancel all writs of possession until appellate review is complete[d] or proper compliance terms are met."  Second, they ask us to "[u]phold and enforce the Justice Court's prior order for a supersedeas bond and rent payment of $784.18 per month."  Finally, they ask us to "[p]rohibit further JP court-issued writs during the appellate process."

A writ of mandamus is an order that compels "a public official to perform a non-discretionary duty where the relator's right to have that duty performed is clear." *Wolters v. Wright*, 623 S.W.2d 301, 304 (Tex. 1981).  "The object of the writ is to enforce the performance of [a] duty."  6 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice: Appellate Practice* § 35:1(2d ed.) (updated Feb. 2025).  The first two forms of relief that are sought by the Farrells are not directed at any specific public official, nor do they relate to any specific action (or actions) that have been undertaken, or that ought to be undertaken, by those officials.

---

[1]Ordinarily, an appeal from a judgment of eviction in the justice court is taken to the county court. *See* TEX. R. CIV. P. 510.10.  However, in Eastland County, the county court does not exercise civil jurisdiction over eviction cases. TEX. GOV'T CODE ANN. § 26.167 (West 2019) ("The County Court of Eastland County has the general jurisdiction of a probate court but has no other civil jurisdiction except juvenile jurisdiction.").  Such jurisdiction is instead exercised by the district court.  GOV'T § 24.193(b) (West 2023) ("[E]ach district court in Eastland County has the civil jurisdiction of a county court.").

As such, their requests are not subject to relief by mandamus. *See Wolters*, 623 S.W.2d at 304.

Furthermore, the Farrells have the ability to seek relief relating to enforcement of the district court's judgment both in the district court and in their appeal. TEX. R. APP. P. 24.3–.4. Mandamus is therefore improper because the Farrells have an adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135– 36 (Tex. 2004) (orig. proceeding) (A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal.).

The Farrells also ask us to restrain the justice court from issuing writs of possession. This request is improper insofar as it concerns any prospective, unspecified actions by the justice court. *See Wolters*, 623 S.W.2d at 304. Furthermore, to the extent the Farrells' request relates to the writ of possession that was issued on August 6, this request is moot. The record contains an e-mail to Christine from Gary Orren of Legal Aid of Northwest Texas.[2] In the e-mail, Orren stated that he had communicated with the justice court on behalf of Christine, and that the justice court had stated that it would recall its writ of possession. Accordingly, we dismiss as moot that part of the petition that seeks to prohibit execution of the August 6, 2025 writ of possession. *See In re Carlson,* 712 S.W.3d 71, 75 (Tex. 2025) (orig. proceeding) (appellate court obliged to dismiss mandamus petition as moot because no dispute on the issue remains).

*This Court's Ruling*

We dismiss as moot the Farrells' petition for writ of mandamus, to the extent that they request us to compel the withdrawal of the writ of possession issued by the

---

[2]The Farrells were unrepresented in the justice court, and they are unrepresented in this proceeding, as well as in the appeal from the district court's judgment. However, Orren appears to have intervened on their behalf in a limited capacity.

justice court on August 6, 2025.  With respect to all remaining requests, we deny the Farrells' petition for writ of mandamus.


JOHN M. BAILEY
CHIEF JUSTICE


August 29, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.