

NUMBER 13-12-00607-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE JOSE A. GARCIA

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, Jose A. Garcia, proceeding pro se, filed a "Motion to Petition for a Writ of Mandamus" in the above cause on October 9, 2012. Relator seeks to compel the presiding judge of the 404th District Court to order her court reporter to prepare the appellate record for his pending appeal, *Garcia v. Abrego,* in our cause number 13-12-00390-CV.[2] The petition for writ of mandamus is denied as stated herein.

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The Court previously considered and denied a similar petition for writ of mandamus filed by relator regarding the record on appeal. *See In re Garcia*, No. 13-12-00571-CV, 2012 Tex. App. LEXIS 8365, at **1–5 (Tex. App.—Corpus Christi Sept. 26, 2012, orig. proceeding) (mem. op.) (per curiam).

## I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Texas Rules of Appellate Procedure delineate the required form for an original proceeding, such as a petition for writ of mandamus, and the failure to comply with the appellate rules renders an original proceeding defective. *See, e.g.*, TEX. R. APP. P. 9.5(a), (d), (e) (requiring proof that copies of documents presented to court for filing were served on all parties to proceeding); *Id.* R. 52.3(a)—(i) (requiring that petition include identity of parties and counsel, table of contents, index of authorities, statement of case, statement of jurisdiction, issues presented, statement of facts, argument—including appropriate citations to authorities and to appendix or record materials, and prayer for relief); *Id.* R. 52.3(j) (requiring certification that relator reviewed petition and concluded that every factual statement in petition is supported by competent evidence included in appendix or record); *Id.* R. 52.3(k) (requiring relator to file an appendix including, inter alia, a certified or sworn copy of any order complained of); *Id.* R. 52.7(a) (requiring relator to file a record including, inter alia, certified or sworn copies of all documents material to the claim for relief).

## II. JURISDICTION

Relator seeks mandamus relief against the Honorable Elia Cornejo Lopez, presiding judge of the 404th District Court of Cameron County, Texas, to compel the production of the reporter's record for relator's appeal. The petition for writ of mandamus is unclear regarding whether relator is contending that the appellate record has not been filed or that the appellate record is incomplete. We note that although relator requests mandamus relief to obtain the reporter's record, the petition for writ of mandamus also raises complaints about the inclusion or exclusion of certain documents from the clerk's record.

This Court has mandamus jurisdiction where it is shown that issuance of the writ is necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.—Corpus Christi Aug. 27, 2008, orig. proceeding) (mem. op.) (per curiam). Accordingly, issuance of a writ of mandamus could, in certain circumstances, be necessary to enforce our jurisdiction regarding the preparation and filing of the appellate record. *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182. Similarly, because a reporter's record is often necessary to the exercise of appellate jurisdiction, a court of appeals may issue a writ of

mandamus to compel the completion of the reporter's record. *See Wolters v. Wright*, 623 S.W.2d 301, 305 (Tex. 1981).

### III. MOTION FOR LEAVE

Relator's petition for writ of mandamus includes a motion for leave to file the petition. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt. Therefore, we dismiss relator's motion for leave to file the petition for writ of mandamus as moot.

### IV. ANALYSIS

Taking judicial notice of our own records, the reporter's record in the underlying appeal was filed on September 4, 2012, and the four-volume clerk's record for the appeal was filed on September 12, 2012. Accordingly, to the extent that the petition for writ of mandamus may be seeking an order requiring the preparation of the appellate record, the petition for writ of mandamus is moot. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . ."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought).

To the extent that relator appears to contend that the appellate record is incomplete or lacks specific information, the Texas Rules of Appellate Procedure provide that where a relevant item has been omitted from the clerk's record or reporter's record, any party may, by letter direct the trial court clerk or court reporter to prepare,

4

certify, and file in the appellate court a supplemental record containing the omitted item or items.  *See* TEX. R. APP. P. 34.5(c)(1), 34.6(d).  Thus, relator has an adequate remedy for any alleged harm caused by an incomplete record.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36.  Accordingly, the petition for writ of mandamus is denied.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
12th day of October, 2012.